[No. 5104.]
[No. 2684 C. A.]

# THE CITY OF DENVER v. DAVIS.

1. Cities and Towns—Functions—Duties—Political and Governmental—Private and Corporate—Liability for Damages.

In the discharge of its functions a municipality is called upon to perform duties of two classes, the one political and governmental in its character, and the other private and corporate; and its liability or non-liability for damages is dependent upon the character of the duty performed, rather than upon the department, officer, or agent, performing it; a municipality is not liable for the acts of officers or agents of the departments of health, police, or fire, while in the performance of public governmental functions and duties connected with and appertaining to such departments; and this is not upon the theory that the officer is a member of such department, but because the duty performed by him is a public governmental duty imposed upon the municipality by the state.—P. 372.

2. Cities and Towns—Dumping Grounds—For Convenience of Inhabitants—Private and Corporate Functions.

A dumping ground maintained by a city for ashes, paper, straw, manure, rags, boxes, scrap-metal and like materials, collected by city and private teams from the streets, alleys, and other public and private places in the city, is for the convenience and benefit of its inhabitants, and is an adjunct to its street-cleaning department; and its maintenance is not the discharge of any public duty imposed upon the city by the state, but is the exercise of a municipal function by the city in its private and corporate capacity.—P. 375.

3. Cities and Towns—Municipal Duty—Negligence of Officers—Liability.

Where the health commissioner of a city, pursuant to an ordinance thereof, established and maintained, through officers appointed by him and paid by the city, a dumping ground for ashes, paper, straw, rags, boxes, scrap-metal and like materials collected by the city from the streets, alleys, and other public and private places; and combustible material deposited there had been burning for several weeks, and, on account of a heavy wind, fire therefrom was communicated to, and destroyed, plaintiff's building. Held, that the city is liable for such loss.—P. 378.

*Appeal from the County Court of the City and County of Denver.*
*Hon. Albert S. Frost, Judge.*

Action by Mary E. Davis against the City of Denver. From a judgment in favor of plaintiff, defendant appeals.                    *Affirmed.*

Mr. H. M. ORAHOOD and Mr. N. B. BACHTELL, for appellant.

Mr. WILLIAM YOUNG, Mr. GEORGE F. DUNKLEE, and Mr. O. E. JACKSON, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action by Mary E. Davis against the city of Denver to recover damages resulting from the destruction of her property by fire alleged to have been caused by the negligence and carelessness of the officers and agents of the city.

Plaintiff was the owner of personal property in a building adjacent to the city dumping ground, which had been established by the health commissioner of the city, pursuant to the requirements of a municipal ordinance. The supervision and control of the dumping ground was in the health commissioner, who discharged this duty by officers appointed by him and paid by the city.

The combustible material deposited on the dump had been burning several weeks when, on May 2, 1901, the fire, driven by a heavy wind, communicated to the building in which plaintiff's property was stored, and the same was destroyed.

A trial to a jury resulted in a verdict and judgment for plaintiff.

The assignment of errors raises but one question.

The city requested the court to instruct the jury in substance that the disposition of the garbage of the city was not a corporate duty performed by the city for its local or pecuniary benefit, but was a public or governmental duty, placed upon the city by the legislature of the state, to be performed under the supervision of the health commissioner, who is a public official, and not in any sense a corporate official; therefore, if the jury found, from the evidence, that the damage to the plaintiff was caused by the location of the dump being improperly and carelessly maintained by the health commissioner of the city at such place, then the plaintiff cannot recover against the city, because the negligence or nonperformance of duty of a public officer, such as the health commissioner, cannot be charged against the city of Denver, as the city is but the agent of the state in such matters, and can be held to no greater liability than could the state itself.

The requested instruction was refused, and error is assigned thereon.

The instruction is subject to the objection that it was predicated upon the ground that the disposition of *garbage* of the city is a political and governmental duty, whereas the evidence failed to show that *garbage,* using that term in its strict sense, was deposited upon the dumping ground.

However, we prefer to dispose of the case upon the principles involved, rather than upon a technical objection to the instruction.

In the discharge of its functions, a municipality is called upon to perform duties of two classes; the one political and governmental in its character, and the other private and corporate. The distinction between the two is thus stated by Judge Thompson, in *Veraguth v. City of Denver,* 19 Colo. App. 473, 477:

"One class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but through agents or servants employed by it. In the former case, its functions are political and governmental, and no liability attaches to it, either for nonuser or misuser of power; while, in the latter, it stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence.—Dillon on Municipal Corporations, § 974; *Hayes v. Oshkosh,* 33 Wis. 314; *Aldrich v. Tripp,* 11 R. I. 141; *Ins. Co. v. Keeseville,* 148 N. Y. 46; *Wagner v. Portland,* 40 Ore. 389."

The same doctrine is recognized in *McAuliffe v. City of Victor,* 15 Colo. App. 337.

In *Maximillian v. Mayor,* 62 N. Y. 160, Judge Folger thus states the doctrine:

"There are two kinds of duties which are imposed upon a municipal corporation: One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private, and is used for private purposes; the latter is public, and is used for public purposes. The former is not held by the municipality as one of the political divisions of the state; the latter is. In the exercise of the former power, and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is

liable for a failure to use its power well, or for an injury caused by using it badly. But where the power is intrusted to it as one of the political divisions of the state, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for non-user, nor for misuser, by the public agents.''

The rule which determines the liability or non-liability of a municipality in cases of this nature, is the character of the duty performed, rather than the department, officer or agent of the corporation by whom the duty is performed. The authorities all hold that a municipality is not liable for the acts of officers or agents of the departments of health, police or fire, while in the performance of public governmental functions and duties connected with and appertaining to such departments, not upon the theory that the officer is a member of such department, but because the duty performed by him is a public governmental duty, imposed upon the municipality by the state. It is, therefore, the character of the duty, rather than the officer by whom it is performed, which determines the liability or non-liability of the municipality. Therefore, it may be conceded that the health commissioner of Denver was a public officer, made such by the statutes of the state, charged with the performance of certain governmental duties as contended by appellant, nevertheless it does not follow that the municipality is relieved from liability for the negligence or carelessness of such officer in the performance of duties imposed upon him by the municipality which are not of a public governmental character.

Suppose the city had imposed upon the chief of police the duty of superintending the street-cleaning department; it could not be successfully maintained,

under the authorities, that the acts of such officer, while in the discharge of his duties as superintendent of the street-cleaning department, might not entail liability upon the city for his carelessness or negligence in the discharge of such duties.

It is therefore necessary to determine to which class of duties, as above defined, the duties imposed upon the health commissioner, herein involved, belong.

The evidence disclosed that there were deposited upon the dumping ground, established by the health commissioner, ashes, paper, straw, manure, rags, boxes, scrap metal and like materials, collected by the city and private teams from the streets, alleys and other public and private places and premises in the city.

There was no evidence to show that garbage of the city, using that term in its restricted sense, was deposited at this place.

As before stated, the supervision and control of the dumping ground was delegated to the health commissioner, who, through his officers and employees, had control of the deposit of waste materials brought there, and were also charged with the prevention of combustion and spreading of fire. The greater portion of the material deposited upon the dumping ground was so deposited by the city teams connected with the street-cleaning department.

We think that the evidence in this case clearly establishes the fact that the establishment and maintenance of this dumping ground was for the convenience and benefit of the inhabitants of the city, and as an adjunct to the street-cleaning department of the city, and was not in the discharge of any public duty imposed upon the city by the state; that it was local and special in its character; that the collection and deposit of such material as the evidence

shows was deposited upon the dump, was the exercise of a municipal function by the city in its private and corporate capacity.

The overwhelming weight of authority is to the effect that the superintendence and care of the streets and alleys of a city, and all that directly pertains thereto, are peculiarly in the class of municipal duties, for the neglect of which the city, in its corporate character, is liable.

In *Denver v. Dunsmore*, 7 Colo. 328, this court held that an implied duty rested upon the city to keep in repair the public thoroughfares within its limits, for the neglect of which an action would lie against the city.

In *Denver v. Peterson*, 5 Colo. App. 44, the city was held liable for carelessness in the operation of a steam roller in charge of the board of public works.

In *Denver v. Rhodes*, 9 Colo. 554, the city was held liable for negligence in the construction of a public sewer, and it is manifest that the disposition of the sewage of a city has a more direct influence upon the health of the inhabitants of a city than the disposal of the waste found upon its streets and alleys.

In *McAuliffe v. City of Victor, supra*, it is said:

"Courts have gone a long way in holding cities liable for the negligent acts of their agents, and they are always holden wherever the acts which are done or permitted to be done are acts for the benefit * * * of the individuals who are inhabitants of the municipality. It is on this general principle that a city is held liable for the care of its streets and sidewalks, for negligence or carelessness in the construction of its sewers and drains."

Appellee in this case was a tenant of one Porter at the time of the fire. Porter's building was destroyed by the same fire which destroyed appellee's

property.  In the circuit court of the United States for Colorado, Porter sued the city to recover damages sustained.  Judgment went against the city. The case went to the circuit court of appeals on error, where the judgment was affirmed.  An examination of the printed transcript of the record and briefs filed in the latter case discloses that the issues, evidence and legal propositions involved were substantially the same as in the case before us.  The opinion of the court, written by Judge Hook, is an instructive and exhaustive examination and discussion of the principles and authorities there and here involved. The case is reported in 126 Fed. 288, 61 Cir. Court of Appeals 168.  At page 174 it is said:

"We are of the opinion that in the case before us the removal of the waste and refuse from the alleys of the city in the city carts, the deposit thereof upon the dumping grounds near Porter's premises, and the supervision of such work and of the dump itself, were of local or municipal concern, and that the officers and employees of the health department of the city, in the discharge of their duties in connection with such work and supervision, were acting as the representatives of the city for whose negligent acts or omissions it would be liable.  The fact that part of the refuse wasted upon the dump under the direction of the officers stationed there was hauled in private vehicles from private premises leads to no different conclusion.  The dump was under the exclusive control of those officers, and they represented the local or corporate interests of the city rather than the state in its sovereign capacity."

And again at page 173:

"But in almost all affairs of purely local concern some indirect relation may be traced to a matter of health, safety, or other subject of governmental cognizance.  The test is not that of casual or inci-

dental connection. If the duty in question is substantially one of a local or corporate nature, the city cannot escape responsibility for its careful performance because it may in some general way also relate to a function of government.''

The record before us warrants the conclusion, that in this case the city was acting in its private and corporate capacity through its health commissioner, for the convenience and benefit of its inhabitants and not as an agent of the state in the discharge of any governmental duty imposed upon it.

The rule here announced is not opposed to the rule announced by our court of appeals in *McAuliffe v. Victor* and *Veraguth v. Denver, supra..* In the former case, the court held that the city was not liable for the negligence of a police officer in the discharge of a purely governmental duty, and in the latter case, that the city was not liable for failure to enforce a municipal ordinance.

It follows that the health commissioner and his officers, being negligent and careless in the performance of a local and municipal duty, the city is liable for damage occasioned by such negligence and carelessness.

The court committed no error in refusing to give the requested instruction, and the judgment must be affirmed.                              *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.