[No. 6521.

ADDINGTON v. TOWN OF LITTLETON.

**Municipal Corporations—Not Liable for Failure to Enforce an Ordinance as to the Use of the Street**—The maintenance of the streets of the town in reasonably safe condition for travel is a corporate duty for a breach of which an action will lie. The enforcement of an ordinance regulating the use of a street calls into exercise governmental, and not corporate powers. In the absence of statute, no action lies against the town for the failure to enforce such an ordinance.

A town knowingly permitting a vicious dog to be at large upon the street, in violation of an ordinance, is not liable for an attack upon a private person, by the dog, upon the public street. —(624, 625)

*Error to Arapahoe District Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. L. J. LAWS for plaintiff in error.

Mr. W. H. CALEY for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This was an action to recover damages from the defendant town for injuries inflicted by a vicious dog running at large. The complaint alleges that an ordinance in the town of Littleton provided that no dog should be permitted to run at large in the town without a license tag; that it was the duty of the town marshal and all police officers to take up and confine all dogs found running at large contrary to the ordinance; that it was unlawful for any vicious dog to run at large within the town limits, and that it was the duty of the marshal and police officers to kill any vicious dog found running at large. The complaint further alleges that the town neglected to enforce the ordinance and violated its duties and obligations in that respect by knowingly permitting an unlicensed and vicious dog to run at large on the streets, and that while the plaintiff was walking in the town, she was attacked by this vicious dog and received the injuries complained of. A demurrer was sustained to this complaint. Plaintiff elected to stand thereon. Judgment was entered against her and she has brought the matter to this court for review on error. The duty imposed by the ordinance upon the marshal and police officers to take up or kill vicious dogs found running at large in the streets was imposed under the governmental powers of the town and not in its private corporate capacity. This being so, it is not liable for the failure of its officers to enforce the ordinance.

The plaintiff argues that the town is liable for injuries caused by a failure to keep its streets in a safe condition for travel. The manner in which a street is used is a different thing from its condition as a street. The construction and maintenance of a street in a reasonably safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets, brings into exercise governmental and not corporate powers, and for any act or omission of duty in regard to the enforcement of such ordinances, there is no liability in the absence of a statute imposing one.—*McAuliffe v. City of Victor,* 15 Col. App. 337; *Denver v. Maurer,* 47 Colo. 209; *Denver v. Davis,* 37 Colo. 370; 2 Dill. Mun. Corp. (4th ed.), sec. 950; *Ball v. Town of Woodbine,* 61 Ia. 83; *Rivers v. City Council of Augusta,* 65 Ga. 376; *Jones v. City of Williamsburg,* 97 Va. 722; *Lafayette v. Timberlake,* 88 Ind. 330.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.