No. 12,301.

City and County of Denver *v.* Forster, Administrator.
(1 P. [2d] 922)

Decided June 29, 1931.

Mr. Thomas H. Gibson, Mr. George Hetherington, Mr. George O. Bakke, for plaintiff in error.

Mr. F. T. Johnson, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

The plaintiff in error, defendant below, brings error to review a judgment of $3,000 entered in favor of the defendant in error's intestate. The action was for damages resulting from alleged negligence on the part of the defendant in maintaining its streets, and particularly that part of 16th street at the intersection of Court place.

The complaint alleged that on March 17, 1927, the plaintiff alighted from a street car at the intersection mentioned, and immediately tripped upon a certain oval-shaped block of iron or steel placed by the defendant in the open and traveled part of 16th street, which was otherwise smooth and level, and thereby sustained a fracture of the cervical neck of the left femur. The defendant admits, in its answer, that shortly before the time of the injury to the plaintiff it caused oval blocks of the kind described in the complaint to be placed at the intersection in question, but denies it was negligent in so doing, claiming that its manager of safety and excise installed the blocks, by it called markers, to designate a safety zone for street car patrons, under powers alleged to be lodged in that official by its Ordinance No. 85, Series of 1926, and that the placing of said markers was a part of the plan adopted by said manager pursuant to that ordinance; that such markers are of the kind used to designate safety zones in Denver, and are of the kind com-

monly used for that purpose in other cities of the United States. It also pleaded contributory negligence.

In the view we take of the matter it is unnecessary to determine the question of negligence upon either side, or to notice any of the assignments of error save those going to the question of the capacity in which the defendant was acting in placing the markers in its streets.

■ It appears that section 68 of the ordinance involved gives power to the manager of safety and excise to create safety zones for the use of pedestrians and where they shall have the right of way, and section 16 (a) authorizes him to direct, control, restrict and regulate, in the interest of public safety and convenience, the movements of pedestrians and vehicles upon the streets. If the manager of safety was acting in pursuance of the powers so given, and the testimony is undisputed that he was, then we are of opinion the judgment is wrong, for in granting such powers and authorizing such devices the defendant was acting in its governmental rather than in its administrative capacity. The construction and maintenance of the streets of a municipality has been often held by this court to be a corporate matter for which liability may in proper cases be imposed, but the making and enforcing of "ordinances regulating the use of streets, brings into exercise governmental and not corporate powers, and for any act or omission of duty in regard to the enforcement of such ordinances, there is no liability in the absence of a statute imposing one." *Addington v. Littleton,* 50 Colo. 623, 115 Pac. 896, 34 L. R. A. (N. S.) 1012, Ann. Cas. 1912C, 753.

We are not unmindful of what counsel for defendant in error has said of the danger of placing such markers in public streets, nor of the testimony of the manager of safety that it might be dangerous to step upon a marker and that one so doing might fall. The problem in such matters, as was held in *District of Columbia v. Manning,* 57 App. D. C. 156, 18 F. (2d) 806, 53 A. L. R. 167, is to afford the maximum of protection to the public with the

least danger. In that case, which involved the placing of a safety zone marker in the streets of Washington, the court said that: "Modern traffic conditions in large cities are at best highly dangerous and difficult of regulation. Wide latitude, therefore, will be afforded the authorities in devising and establishing safety devices * * *. Where the advantages greatly outweigh the disadvantages, the exercise of the authority will be upheld." So here, while an element of danger may be present in such markers, the city should not be handicapped in its efforts to safeguard the lives, persons and property of those who must be upon its streets.

■ Counsel for defendant in error also urges that under section 14 of the defendant's charter, as found in Municipal Code 1927, the power to set aside safety zones upon the streets is lodged in the manager of improvements and parks and not in the manager of safety. The section of the charter invoked puts upon the manager of improvements the duty of constructing and maintaining the defendant's streets, but the question before us is not the construction or maintenance of streets, but the right of the defendant to regulate the movement of vehicles and persons upon the streets in the interest of public safety. The placing of safety zone markers is not within the purview of the charter duties of the manager of improvements, but seems to us to be peculiarly a matter to be entrusted to the department charged with conserving the safety of the users of the public ways.

The judgment is reversed and the cause remanded with instructions to dismiss the complaint.