No. 12,516.

MOSES *v.* CITY AND COUNTY OF DENVER.

(5 P. [2d] 581)

Decided November 16, 1931.

Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. THOMAS H. GIBSON, Mr. BOSWELL F. REED, Mr. KARL C. BRAUNS, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Moses was injured and his automobile destroyed in a collision on a public street in the City and County of Denver with a motor vehicle belonging to the fire department of the municipality, which, at the time,

610

was being driven by one of its employes, and in its business. To the complaint alleging the foregoing facts, the defendant filed a general demurrer which the court sustained and dismissed the action.

The question for decision is whether the city is liable for the alleged injury. Counsel for plaintiff, in the beginning of his argument on the law of the case, admits that the greater number of cases in the United States support the proposition that the city, in the maintenance and operation of a fire department, does so in the exercise of its governmental functions, to the extent that it is in nowise liable for injuries to others caused by negligence of its employes in using its fire extinguishing equipment. Nevertheless, counsel says that some respectable courts have held a municipality liable for the negligence of its servants in the operation of its fire department in cases wherein the facts are closely analogous to the facts in this case.

Our examination of the pertinent authorities satisfies us that the judgment of the trial court was right and must be affirmed. Plaintiff's chief reliance is upon *Maxwell v. Miami,* 87 Fla. 107, 100 So. 147, and *Fowler v. City of Cleveland,* 100 Ohio State 158, 126 N. E. 72, 9 A. L. R. 131. The Florida case apparently sustains the plaintiff in his contention. The Fowler case from Ohio, however, has been expressly overruled by the Supreme Court of Ohio in *Aldrich v. Youngstown,* 106 Ohio State 342, 140 N. E. 164, 27 A. L. R. 1497.

In 43 C. J., p. 967, §1746, it is said: "'The power to organize and maintain a fire department for the prevention of damage by fire is a public or governmental function, and a municipality will not ordinarily be liable unless the statute so provides, for the wrongful or negligent acts or omissions of the department or its employees in the performance of their duties, either in the actual work of extinguishing fires, or in otherwise discharging their functions as firemen, * * * or, generally where persons on the public streets are injured by the

negligence of firemen driving vehicles employed in the fire department." A large number of cases are cited to this statement. In *Veraguth v. City of Denver,* 19 Colo. App. 473, 76 Pac. 539, Judge Thomson, in commenting upon the argument of the plaintiff in that case respecting the liability for the injury sustained by him, that a municipality, like a private corporation or individual, is answerable for the consequences of its negligence, at page 476, said: "The argument recognizes no distinction between the classes of powers conferred upon municipal corporations; and, for a neglect in the exercise of any of their powers, would hold them to the same degree of responsibility, regardless of the nature of the power to be exercised. But a distinction nevertheless exists; and by that distinction the question, in a given case, of the liability of a municipality, is controlled. One class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but through agents or servants employed by it. In the former case its functions are political and governmental, and no liability attaches to it either for nonuser or misuser of a power; while in the latter, it stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence."

In this case the court held that an ordinance of a city requiring all owners of buildings to furnish a safe receptacle for ashes, and prohibiting the deposit of ashes anywhere except in such ash-pit, is public in its nature, and its enforcement by the officers of the city is a governmental function; and where the owner of a building failed to furnish an ash-pit, and hot ashes were deposited in an open hole dug in the ground on the premises, into

which a child fell and was burned, the city is not liable in damages for the injury.

In *City of Denver v. Davis,* 37 Colo. 370, 374, 86 Pac. 1027, the court thus announced the principles of law which are applicable to this case: "The authorities all hold that a municipality is not liable for the acts of officers or agents of the departments of health, police or fire, while in the performance of public governmental functions and duties connected with and appertaining to such departments, not upon the theory that the officer is a member of such department, but because the duty performed by him is a public governmental duty."

To the same effect are *Veraguth v. City of Denver, supra,* and *McAuliffe v. City of Victor,* 15 Colo. App. 337, 62 Pac. 231. In 6 McQuillin on Municipal Corporations (2d Ed.), p. 829, §2814, the author says: "The maintenance and operation of a municipal fire department being a governmental function, recent decisions, with some exceptions, sustain the general rule of the earlier cases that no municipal liability arises for negligence in connection therewith." The latest decision in this jurisdiction upon this general subject is *City and County of Denver v. Forster,* 89 Colo. 246, 1 P. (2d) 922. The plaintiff in that case was injured in alighting from a street car by tripping upon an oval shaped block of steel placed by the defendant city in the open and traveled part of Sixteenth street. A section of the Denver City Ordinance gives power to the manager of safety to create safety zones for the use of pedestrians, and one section of the ordinance authorizes him to control, restrict and regulate, in the interest of public safety and convenience, the movements of pedestrians and vehicles upon the streets. As the manager of safety, in pursuance of the powers thus given, was acting in a governmental, rather than an administrative, capacity, we held the city not liable for the injuries sustained by the plaintiff.

We cannot interfere with this judgment without overruling previous decisions of this court and our Court of

Appeals, and this we are not disposed to do, as they are in line with many decisions in this country.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE ALTER and MR. JUSTICE HILLIARD concur.