No. 13,199.

LeMarr *v.* City of Colorado Springs.
(35 P. [2d] 497)

Decided June 25, 1934. Rehearing denied August 7, 1934.

Messrs. Foard Brothers, for plaintiff in error.

Mr. Ben S. Wendelken, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

On March 26, 1934, judgment herein was affirmed by

this court in department. No petition for rehearing was filed. Thereafter the writer of that opinion had occasion to reexamine it and, fearful that it might conflict with former decisions of this court, brought it to the attention of the other justices. April 26, the opinion was withdrawn by the court, sua sponte, the cause transferred to the court en banc, and further argument requested.

Plaintiff in error is hereafter referred to as LeMarr and defendant in error as the city.

LeMarr sued the city for $25,000 damages which she alleged she sustained by reason of the negligence of the driver of the city's street sweeping machine, which negligence caused a collision between that machine and the automobile in which she was riding, thereby inflicting upon her serious and permanent personal injuries. A general demurrer to the complaint was sustained. LeMarr elected to stand, and to review the judgment thereupon entered against her she prosecutes this writ.

The only question presented below, and now before us under the assignments, is, Was the operation of the street sweeper in question by the city a governmental function? If so, as the court below held, the judgment must be affirmed, if not it must be reversed.

 We have held that the collection, deposit and destruction of material by the street cleaning department of a city involved the exercise of "a municipal function by the city in its private and corporate capacity," and that "the superintendence and care of the streets and alleys of a city, and all that directly pertains thereto, are peculiarly in the class of municipal duties." *City of Denver v. Davis,* 37 Colo. 370, 86 Pac. 1027. In a case where plaintiff was injured by falling over a hose being used to flush a storm sewer we rejected the contention that this activity related to the health department, held that it was a "detail in the performance of the general duty of the city to care for its streets, * * * the same as the gathering of refuse from the streets," and quoted the language and approved the holding in the Davis case,

supra. *City and County of Denver v. Maurer,* 47 Colo. 209, 106 Pac. 875.

Those cases seem clearly in point and those decisions neither overruled nor materially modified. They stand as the law in this jurisdiction and settle the question before us.

The judgment is accordingly reversed and the cause remanded with directions to overrule the demurrer and proceed in harmony herewith.

Mr. Justice Campbell not participating.