No. 14,929.

## WILLIAMS *v*. CITY OF LONGMONT.
(129 P. [2d] 110)

Decided June 15, 1942.   Rehearing denied September 14, 1942.

Mr. JAMES A. MARSH, Mr. MILNOR E. GLEAVES; for plaintiff in error.

Messrs. ROBINSON & COIT, Messrs. RINN & CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

IN this controversy we are concerned with the liability of a municipality to plaintiff who was injured by third persons engaged in playing "crack-the-whip" on a skating pond located in a public park. The complaint, inter alia, alleges:

"That on or about the evening of December 30, 1938, during the Christmas and New Year holiday season then in celebration, the public was in heavy attendance at said Sunset Lake; and from about eight o'clock until after nine the crowd was increasing thereat in size and enthusiasm and was full of fun and revelry, and composed principally of children, adolescents and the younger social set, and there was particular need at all times for supervision and regulation and for a representative and attendant of defendant to be constantly on the job to watch, supervise and keep the revelry and fun in due and reasonable bounds; that during said evening defendant knew, or by the exercise of reasonable care and attention it should have known, that a large crowd of lively revelers and skaters would be and was in attendance in said park and upon said lake and that without proper supervision dangerous skating games would be indulged in by some; that there was and defendant furnished and maintained, which long theretofore had been its custom and practice, such a representative and attendant in said park and at said lake during said evening and until the hour of about nine o'clock, at which time he wrongfully and negligently departed from the park without notice or announcement; that beginning with and after said nine o'clock and for the remainder of the evening there was no supervision or regulation whatever by defendant nor was there any representative or watchman of or for the defendant in the park or at or near Sunset Lake, which fact was not then known to plaintiff nor learned by her until many days thereafter.

"That at and prior to the time said watchman was leaving the lake in the evening, as aforesaid, the activi-

ties and fun were increasing, a spirit of recklessness on the part of some skaters was getting under way, groups were playing fast and dangerous ice games, and while plaintiff then and there was upon said lake engrossed in simple skating, and at about 9:15 o'clock, she was suddenly, unexpectedly and violently crashed into, forcibly knocked down, and rendered unconscious by a detachment of skaters who, as part of a larger group of revelers, were playing the dangerous game of 'crack-the-whip,' and said detachment of skaters then proceeding at a high rate was out of control, having been rent and torn loose from the tail of the whip when it was suddenly 'cracked.' "

■ Unfortunately, the accident resulted in serious injury to plaintiff in error, plaintiff below. To the complaint the City of Longmont, defendant in error, defendant below, filed a general demurrer, which the court sustained, and, plaintiff electing to stand on her complaint, judgment of dismissal was duly entered. There is no dispute concerning the legal proposition that in this jurisdiction a municipality operating a public park does so in a proprietary and not a governmental capacity. *Denver v. Spencer*, 34 Colo. 270, 82 Pac. 590; *Canon City v. Cox*, 55 Colo. 264, 133 Pac. 1040. Counsel for plaintiff contend that the liability of the municipality, under those circumstances, extends to the negligence of a police officer or watchman employed to maintain order at the public park, and for injury caused by disorder occurring during his absence. Counsel for defendant contend that such supervision to maintain order at a public park is a governmental function, in the exercise of which the municipality is not liable. The distinction for which counsel for defendant contend is the difference between maintenance of a public park in a reasonably safe physical condition for a breach of which an action will lie, and the supervision of its use by a policeman, which is governmental. For the latter, no action will lie against a municipality for the neglect or omission of the officer.

Such a distinction is made in the case of *Addington v. Town of Littleton*, 50 Colo. 623, 115 Pac. 896, where, on page 625, is the following statement: "The plaintiff argues that the town is liable for injuries caused by a failure to keep its streets in a safe condition for travel. The manner in which a street is used is a different thing from its condition as a street. The construction and maintenance of a street in a reasonably safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets, brings into exercise governmental and not corporate powers, and for any act or omission of duty in regard to the enforcement of such ordinances, there is no liability in the absence of a statute imposing one."

In the instant case the injury sustained by plaintiff was not caused by any negligent maintenance of the skating facilities in the park or any physical conditions connected therewith, but was caused by the action of third persons. It may be assumed that the city officials knew that without the policing of skating activities at the park, negligent or reckless behavior of some of the participants might result in injury to third persons. Recognizing this possibility, it did provide some supervision, which, however, proved to be not completely adequate for any and all contingencies.

The duty of a municipality to preserve order is a governmental function, and, regardless of whether provisions for the maintenance of order are adequate or not, neglect of such duty does not, under circumstances such as are present in the instant case, create a liability in the absence of statute imposing it. The following quotation from 43 C.J., pp. 1171, 1172, §1936, which has our approval, supports municipal nonliability: "A municipality is not liable to a person accidentally injured by the acts of licensees or other third persons in public parks. So it has been held that while the maintenance of parks is a proprietary or private function, the main-

tenance of good order in a park, and the prevention of dangerous conditions there caused by gathering crowds or by the lawless or imprudent conduct of individuals, is a governmental function, in the exercise of which the municipality is not liable." To hold a municipality liable for the conduct of third persons, such as is alleged in the complaint before us, would, in our opinion, be contrary to sound public policy and create policing requirements difficult of fulfillment.

■ Plaintiff, to sustain her contention of liability of defendant, places much reliance upon the case of *Longmont v. Swearingen*, 81 Colo. 246, 254 Pac. 1000. In that case no acts of third persons causing the death were involved, nor was there present any problem of preservation of order as a governmental function. Under the facts, no question was raised concerning municipal liability. The case holds that under the circumstances disclosed it was negligence on the part of the city to fail to maintain a lifeguard at a swimming pool which it maintained and operated, and that the circumstance of the drowning, in the absence of such a lifeguard, justified a finding that negligence of the city was the proximate cause of the death of plaintiffs' son. There is no correspondence of the facts of that case—as there would be if the drowning of the swimmer had been caused by the act of another bather—with the situation presented by the record here under consideration; moreover, it was disclosed by the evidence in the Swearingen case that the water was abnormally cold, a condition which might have been a deficiency in the facilities furnished to swimmers by the city. In our opinion the case is inapplicable as an authority in support of plaintiff's contention, under the facts here presented.

In view of our conclusion as above expressed, it is unnecessary that we pass upon other contentions directed to the failure of the complaint to state a cause of

action. The court's decision sustaining the demurrer to the complaint was proper.

The judgment is affirmed.

Mr. Chief Justice Young and Mr. Justice Hilliard dissent.