No. 18,061.

CITY AND COUNTY OF DENVER *v.* LEONARD AUSTRIA.
(318 P. [2d] 1103)

Decided December 9, 1957.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, Mr. JOHN D. SAVIERS, for plaintiff in error.

Mr. ALLEN P. MITCHEM, Mr. GEORGE A. HOLLEY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

IN keeping with a time-honored custom, the City and County of Denver in the pre-holiday or Christmas season of 1953, placed its elaborate Christmas decorations on its municipal building. This building houses the offices used for governmental functions as well as some other activities permitted and allowed therein. These decorations remain on the building a month or more after the holiday season.

February 1, 1954, the city was in the process of removing said decorations and in doing so had placed a wire mesh fence across the front steps of the building and this fence was in place after darkness on the evening of February 1 when defendant in error, hereinafter referred to as plaintiff, attempted to gain entrance to the building at about eight o'clock P.M. to return items of music to a rental library maintained on the 4th floor of the building, and he fell over the fence, sustaining injuries for which he recovered a judgment in the sum of $3,600.

It is stipulated that the rental library remained open until nine o'clock P.M. on the evening in question. Under the circumstances, plaintiff was an invitee. The evidence discloses that there were some warning signs posted, but nothing in the evidence to show that they were posted in a conspicuous place or that they were lighted to the extent that they could have been seen by a prudent person attempting to enter the building. The

evidence is undisputed that there were no lights on the stairway. There was sufficient evidence concerning the maintenance of the conditions, and that plaintiff's injuries resulted from a fall over the fence so constructed and maintained, and to show that the injuries were proximately caused by defendant's negligence.

Final determination of this case rests upon the question of whether the city was acting in its governmental capacity or function, or in its proprietary capacity.

■ Plaintiff filed his complaint by which he failed to allege negligence on the part of the city in its proprietary capacity, and on motion, this complaint was dismissed; however, the record discloses that simultaneously with the order of dismissal was an order allowing plaintiff to file an amended complaint within a fixed time. Such an amended complaint was filed and the city now contends that the decision regarding the original motion was res judicata to any subsequent action brought by plaintiff. This defense is raised for the first time in this court, and because defendant failed to raise such a defense by affirmative allegation in its answer the present attempted defense is waived. The reason therefor is obvious, because the trial court had no opportunity to pass upon the question.

■ As to the nonliability, as claimed by the city because it was acting in its governmental capacity, the general trend of decisions is to restrict the doctrine of governmental immunity and nonliability and construe the doctrine strictly against the city.

It is to be remembered that this is not a case of the construction or maintenance of a municipal building, and we are astonished at how far afield counsel for the city have gone in taking the position that the city is immune because of its compliance with the Colorado statute, C.R.S. '53, 36-1-4, which is as follows:

"Each county, at its own expense, shall provide a suitable courthouse, and a sufficient jail, and other necessary county buildings, and keep them in repair."

 The contention of the city seems to be that because the statute requires the erection and maintenance of a courthouse that every activity connected with that courthouse is a governmental function. If the city sees fit to carry on other activities, not necessary in the performance of its governmental functions, then it assumes the risk of liability for its torts in the conduct or operation of such activities. We see no reason to prolong this discussion and are satisfied to conclude it by saying that it is not within the bounds of judicial reasoning to say that placing Christmas decorations on the municipal building or courthouse, and the removal thereof, is a governmental function. The municipal government, as such, can operate at full efficiency in every respect without such decorations, therefore they are not needed from that standpoint. Indeed, we may observe that the city here did carry on in its governmental capacity many years before such decorations were used, and if such decorations were a governmental necessity or a governmental function, then the city was derelict in its duty. It is indeed a commendable enterprise taken by the city for the enjoyment of its inhabitants, but is not a governmental function or requirement and when the city undertakes this extracurricular activity, it is acting in its proprietary capacity and subject to, and liable for, any negligence therein.

In accordance with the views herein expressed, the judgment of the trial court is affirmed.

MR. JUSTICE FRANTZ not participating.