No. 19,027.

Ralph R. Schlarb, et al. *v.*
North Suburban Sanitation District.
(357 P. [2d] 647)

Decided December 12, 1960.

December 30, 1960, Petition for rehearing stricken.

Mr. EUGENE O. PERKINS, for plaintiff in error.

Mr. LEON H. SNYDER, Mr. NORMAN E. WALTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

WE shall refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff brought this action to recover a sum of money paid to the defendant as a condition of having his property voluntarily annexed to the defendant district. Judgment was in favor of defendant and plaintiff brings the case here on writ of error.

Defendant is a sanitation district organized pursuant to C.R.S. '53, 89-5-1, et seq., as amended. At the time of the organization of the defendant district the lands belonging to plaintiff were not included within the boundaries of the sanitation district. Thereafter plaintiff petitioned the board of directors of the district to have his lands included therein. As a condition of granting the annexation or inclusion in the district the board of directors required plaintiff to pay $3,427.61 to defray the expense of annexation and the installation of a pipeline to service the area owned by plaintiff. Plaintiff accepted the condition, paid the consideration demanded, and received and is receiving the service requested. This action was brought to recover $2,927.61 of the amount

paid on the ground that others similarly situated were not so charged.

The statute relating to annexation of lands to an organized water or sanitation district is found in C.R.S. '53, 89-5-22, as amended in 1955, and reads:

"Nothing in this section shall prevent an agreement between a board and the owners of property sought to be annexed to or included in a district with respect to the terms and conditions on which such property may be annexed or included."

■ A sanitation district, like other districts, such as soil erosion, water, fire and recreation, are quasi municipal corporations, created by legislative enactment, having for their purpose the mutual benefit of the land owners thereof. *City of Aurora v. Sanitation District,* 112 Colo. 406, 149 P. (2d) 662. Such corporation has no obligation or duty to furnish service to owners of land outside the district. The relationship between plaintiff and defendant was purely contractual. Such being the case the reasonableness of the conditions or terms of inclusion within the area so as to reap the benefits of the sanitation services is not subject to review by the courts. The courts may only determine whether the district complied with the terms of the contract. *Englewood v. Denver,* 123 Colo. 290, 229 P. (2d) 667; *Ft. Collins v. Park View,* 139 Colo. 119, 336 P. (2d) 716.

■ It is here contended that sanitation districts are public utilities. *Public Utilities Commission, et al. v. Colorado Interstate Gas Co.,* 142 Colo. 361, 351 P. (2d) 241, involved the question of what constitutes a public utility. No good purpose would be served in reiterating the principles enunciated in that case. Suffice it to say that a sanitation district does not fall within the definition of a public utility.

The money paid by plaintiff included items for inspection, trenching, pipe, and the laying thereof, manholes and engineering expense together with tap fees,

counsel fees incident to court proceedings necessarily involved in the annexation proceeding, necessary advertising and recording charges. All these were itemized and voluntarily paid by plaintiff.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.