No. 19,164.

R. A. BARNARD, ET AL *v.* W. B. GAUMER, ET AL.,
AND CITY AND COUNTY OF DENVER.
(361 P. [2d] 778)

Decided May 8, 1961.

410

Mr. ARTHUR M. MORRIS, for plaintiffs in error.

Mr. DONALD E. KELLEY, Mr. JAMES H. SNYDER, for defendant in error City and County of Denver.

No appearance for defendants in error W. B. Gaumer and Burton S. Morwood.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS writ of error is concerned with two civil actions in the trial court, that in which defendant in error W. B. Gaumer was plaintiff, and plaintiff in error R. A. Barnard and others were defendants; the other in which defendant in error Burton S. Morwood was plaintiff, and plaintiffs in error were the defendants.

The two actions were consolidated for trial and are presented here for review as one action. The only parties appearing here are plaintiffs in error R. A. Barnard and Lulu E. Barnard; and the City and County of Denver, one of the defendants in error.

The objects of the first action were to obtain a decree in the trial court establishing as a public road a strip of land 40 feet in width extending 1.56 miles northwesterly from U. S. highway 40 in sections 9, 15 and 16, Township 4 South, Range 71 West of the 6th Principal Meridian, in the Genesee Park area of the Denver Mountain Parks System in Jefferson County; and to enjoin the defendants therein from "interfering with or obstructing said road or the use thereof."

The purposes of the other action were for an injunction with reference to the same road and for damages aggregating the sum of $19,300 because of alleged deprivation of plaintiff's use of the road.

The first action was dismissed on motion as to some defendants and the default of certain other defendants was entered of record therein. Still other defendants entered into stipulation with the plaintiff concerning the subject matter and filed no pleadings.

The two actions came on for trial and the trial court on October 23, 1958, entered "Findings of Facts, Conclusions of Law and Direction for Preparation and Entry of Decree," leaving for future determination all questions of damages. On a subsequent trial of those issues, the court found in favor of the Barnards and made no award of damages to Morwood.

By separate motions R. A. Barnard and Denver moved to amend the Findings and Decree on the main issues. The motion of the former was denied while the latter's was granted. "Amended and Corrected Findings of Fact and Conclusions" were entered by the trial court January 13, 1959.

These Findings, in substance, are that the road in controversy is a private and not a public road, which was constructed by the defendant R. A. Barnard in the year 1928. The trial court further found that "in all instances where an easement was granted [to the Barnards] * * * the fee title remained in the owner and by mesne conveyances the present landowners and their grantees have become owners of the fee in the land over which the road passes." A finding was also made that no title inimical to the rights of Denver had been shown to that part of the road known as the "old blacktop" upon lands belonging to Denver.

By its judgment, the trial court ordered that "each of the owners of lands over which an easement was granted may use said road and may permit others to use the road over their lands, but in so doing each such land

owner has the responsibility to keep and maintain said road over his respective land in such condition and repair that the defendant R. A. Barnard is not obstructed or hindered in his use thereof." It is this portion of the judgment of which the Barnards complain. They ask that it be reversed.

There are only three questions for determination upon this review, viz., (1) Where a landowner grants an easement to another for road purposes and the grantee constructs a road in conformity with the grant, for his own use, do the grantor and his licensees and invitees have a right to use the easement [road] and (2) if so, must the landowner maintain the road so as not to hinder the grantee's use of the easement; and (3) should we sustain the trial court's determination that there was no adverse user in a roadway running across lands owned and possessed by Denver for public park purposes?

We will make disposition of these three questions in the order above stated.

(1) The first problem presented is not difficult of resolution when we consider the nature of the easement. We have held that an easement is a right conferred by grant or acquired by prescription, authorizing one to do or maintain something on the land of another which, although a benefit to the land of the former, may be a burden on the land of the latter. *DeReus v. Peck,* 114 Colo. 107, 162 Pac. (2d) 404. The rights of one holding an easement in the land of another are measured by the nature and purpose of the easement. An easement does not carry any title to the land over which it is exercised and the easement does not work a dispossession of the landowner. 28 C.J.S., sec. 73, p. 751. The owner of the servient estate continues to enjoy all the rights and benefits of proprietorship consistent with the burden of the easement. Going a step further, it is also the rule that the grantor of an easement, and his assigns, have a right of user in common with the grantee.

There is nothing in the record before us which

shows that the respective grants of easement were exclusive in the grantee; hence, the ordinary rules of law with respect to easements apply to the cases before us. Although the trial court adjudged that the road in dispute was the private road of plaintiff in error R. A. Barnard, and not a public road, still the several grantors of the easements which constitute the whole easement, and their assigns, licensees and invitees, have the right to use the road in common with Barnard.

(2) We believe, however, that the trial court erred in his order for upkeep and maintenance of the subject roadway. The actions were not brought for this relief. Some of the parties, as noted, were in default or entered into written stipulation with reference to the road in dispute. The action was dismissed as to others. Wholly aside from the law governing the subject, that responsibility was not properly before the court for adjudication. Rule 54 (c), R.C.P. Colo., provides that a judgment by *default* shall not be different in kind from * * * that prayed for in the demand for judgment. We recognize the further provision in this rule that as to parties *not in default* final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. The subject of the road upkeep and maintenance on its face concerns parties who filed no pleadings in the litigation and, being indivisible because of possible equitable distribution of the responsibility among the respective owners of the dominant and servient tenements, could not be litigated in the cases under review.

Besides proof should be required of the extent of use by the several tenements in order to afford the trial court bases for assessing upkeep against them. Absent any agreement on the question of maintenance of a private way, the burden of upkeep should be distributed between dominant and servient tenements in proportion to their relative use of the road, as nearly as such may

be ascertained. *Kepler v. Border,* 179 Iowa 318, 161 N.W. 302; *Bina v. Bina,* 213 Iowa 432, 239 N.W. 68, 78 A.L.R. 1216; *Lamb v. Lamb,* 177 N.C. 150, 98 S.E. 307; *Van Natta v. Nys,* 203 Ore. 204, 278 P. (2d) 163.

(3) It was admitted by the parties appearing at the trial that the property through which the road in controversy runs, is situate, and has been since 1918, within and an integral part of a large area of land acquired by Denver through purchase for a public park. Also that this area was, upon acquisition, dedicated to the people as a public park and since then has been used by the public for park and recreational purposes. The trial court found that Barnard constructed a portion of the road in controversy across city-owned property without the knowledge or consent of the city, and ruled that no prescriptive nor adverse rights existed with reference to the portion of the road lying on city-owned land.

█ This ruling was correct, although we would sustain the trial court solely on the basis that there was lack of a factual foundation for the establishment of prescriptive or adverse rights. We would not go so far as the trial court did in holding also that under no circumstances may the doctrines of prescriptive and adverse possession be applied against a municipality. Mindful that cities operate public parks in a proprietary capacity, *Williams v. Longmont,* 109 Colo. 567, 129 P. (2d) 110; *Denver v. Spencer,* 34 Colo. 270, 82 Pac. 590; and that in respect to proprietary functions, a municipality is governed by the same rules and is held to the same norms of conduct that the law prescribes for the private citizen, *Denver v. Publix Cab Co.,* 135 Colo. 132, 308 P. (2d) 1016, we deem it inadvisable to go further than necessary in sustaining the trial court.

The judgments are affirmed, except that portion with reference to upkeep and maintenance of the road in controversy which is reversed and remanded for further proceedings consistent with the views above expressed.