No. 20,630.

LEROY CERISE, ET AL., *v.* FRUITVALE WATER AND SANITATION DISTRICT.
(384 P. [2d] 462)

Decided August 19, 1963.

Mr. JOHN C. LAFFERTY, for plaintiffs in error.

Messrs. HELMAN, YOUNGE, HOCKENSMITH & STACEY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

We will refer to plaintiffs in error as plaintiffs or by name. It was alleged in the complaint filed by them that the defendant sanitation district negligently removed a manhole cover from a public thoroughfare and "negligently failed and neglected to warn the plaintiff LeRoy Cerise of said removal and of the open manhole situate at said place, but left said manhole openly exposed in violation of the defendant's duty * * * "; and that LeRoy Cerise suffered personal injuries when the automobile he was driving ran into said open manhole. It was further alleged that Juanita Cerise, wife of LeRoy, suffered damages in that by reason of the serious injuries sustained by her husband she " * * * has been deprived of the society, companionship, consortium, and services of her husband * * * ."

The answer filed by the District contained a general denial of pertinent allegations of the complaint, and affirmative defenses as follows: (1) Contributory negligence, and (2) unavoidable accident.

A pretrial conference order was entered which contains, inter alia, the following:

"At the pretrial conference it was ordered that briefs be filed on the issues of immunity of Defendant from actions of this kind and on the issue of delegation of duties to an independent contractor.

"Briefs have been filed and the Court has considered the same in the light of the undisputed facts which are that Defendant is a water and sanitation district organized under Ch. 89-5 C.R.S. 1953. It has installed a sanitary sewer system and the present claim for personal injuries and damage to an automobile arises from failure

to cover a manhole on that system which cover had been removed in connection with maintenance operations.

"From the authorities it appears that the defendant is immune from suit for negligent acts of its agents if it is carrying out a governmental function. The operation and maintenance of a sanitary sewer is a function of the public health powers and under the reasoning of the Denver General Hospital case the district is immune from suit for personal injuries in connection with this activity.

* * *

"IT IS HEREBY ADJUDGED that the complaint herein be dismissed and each party pay its own costs.

"Motion for new trial would be unavailing and is dispensed with."

 The defendant District is organized under a statute for the purpose of constructing and maintaining a sanitary sewer system for the use and benefit of those persons residing within the district. Its purposes are not "governmental" in character as that term is distinguished in the law from activities carried on by municipal corporations which are "proprietary" in nature. No proposition is more firmly established in the law of this state than the rule that a municipal corporation is liable for damages sustained by one as a result of negligence of an agent of the municipality in the performance of an act in furtherance of a "proprietary" function of the municipality. *City of Denver v. Capelli,* 4 Colo. 25; *City of Denver v. Spencer,* 34 Colo. 270, 82 Pac. 590; *City of Denver v. Davis,* 37 Colo. 370, 86 Pac. 1027; *Veraguth v. City of Denver,* 19 Colo. App. 473, 76 Pac. 539; *City and County of Denver v. Maurer,* 47 Colo. 209, 106 Pac. 875; *Addington v. Town of Littleton,* 50 Colo. 623, 115 Pac. 896; *Meek v. City of Loveland,* 85 Colo. 346, 276 Pac. 30; *City and County of Denver v. Taylor,* 88 Colo. 89, 292 Pac. 594; *City and County of Denver v. Mason,* 88 Colo. 294, 295 Pac. 788; *City and County of Denver v. Forster,*

*Adm'r.*, 89 Colo. 246, 1 P. (2d) 922; *Moses v. Denver*, 89 Colo. 609, 5 P. (2d) 581; *McIntosh v. City and County of Denver*, 98 Colo. 403, 55 P. (2d) 1337; *Williams v. City of Longmont*, 109 Colo. 567, 129 P. (2d) 110; *Schwalb, et al., v. Connely*, 116 Colo. 195, 179 P. (2d) 667; *Atkinson v. City and County of Denver*, 118 Colo. 322, 195 P. (2d) 977; *Malvernia Investment Company v. City of Trinidad*, 123 Colo. 394, 229 P. (2d) 945; *City of Boulder v. Maren N. Burns, et al.*, 135 Colo. 561, 313 P. (2d) 712; *City and County of Denver v. Austria*, 136 Colo. 454, 318 P. (2d) 1101; *Denver v. Madison*, 142 Colo. 1, 351 P. (2d) 826; *Jensen v. South Adams Co. Water and San. Dist.*, 149 Colo. 102, 368 P. (2d) 209.

The operation and maintenance of the sewer system involved in this case are activities carried on by the District in its proprietary capacity. The general rule in this connection is set forth in 38 Am. Jur., p. 340, § 636. The District is liable for the negligent acts of its servants in connection with such operation and maintenance.

The judgment is reversed and the cause remanded for trial.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE HALL concur in the result.