No. 21157.

NATIONAL FOOD STORES, INC., A COLORADO CORPORATION *v.*
NORTH WASHINGTON STREET WATER AND SANITATION
DISTRICT, A QUASI-MUNICIPAL CORPORATION.
(429 P.2d 283)

Decided June 26, 1967.     Rehearing denied July 17, 1967.

QUIAT, SEEMAN, QUIAT & WOODS, for plaintiff in error.

GAUNT, BYRNE and DIRRIM, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court and will be referred to as National. Defendant in error will be referred to as the District or North Washington.

National operates a packing plant. In 1953 the plant was located in the South Adams Water and Sewage District. In that year the North Washington Street Water and Sanitation District was being formed, and it solicited National to withdraw from the South Adams District and seek to be included in the North Washington District. The District and National entered into a contract which provided that National would pay to the District the sum of $46,500, which sum would be approximately one fourth of the construction costs of the new sewage treatment facilities. In turn, the District agreed to treat the sewage from National's plant at a fixed rate of $100 per million gallons of sewage for a period of 20 years. The agreement did not affect National's real property relating to uniform assessment and ad valorem taxes levied on all real estate in the District.

National completed in full its agreed payment of its share of the construction costs of the facilities, including interest charges amounting to an additional $14,863.27. After the payments were completed according to the contract, the District undertook to demand of National substantial increased charges for treatment of sewage considerably in excess of the flat rate called for by the contract. National then brought action in the district

court of Adams County for a declaratory judgment as to its rights under the contract.

A trial was had to the court, at the conclusion of which the court found, *inter alia*, that the service rendered by the District was a governmental one, and that the provisions of the contract providing for a fixed rate to National were ultra vires and void. The court further declared that the contract in all other respects was legal and binding on National. In effect, the court decreed that National was bound by the contract to pay its agreed share of the construction costs of the sewage treatment facilities, but that the District was relieved of its obligation under the agreement concerning the fixed rate.

We hold that the trial court erred in decreeing that the services of the District was a governmental function. Such a determination is contrary to the decisions of this court. See *Schlarb v. North Suburban Sanitation District*, 144 Colo. 590, 357 P.2d 647; *Cerise v. Fruitvale Water and Sanitation District*, 153 Colo. 31, 384 P.2d 462. The District is no different than any other water and sanitation district; and since the services it renders are proprietary in nature they may be contracted for as is provided by the pertinent statutes dealing with the powers of the board created to administer the district. By the provisions of C.R.S. 1963, 89-5-13 (4), the board of directors of a water and sanitation district is granted power "to enter into contracts and agreements affecting the affairs of the district * * *." No restrictions are placed upon boards as to the types of contract into which they may enter. A contract somewhat similar to the one under discussion herein was approved in *City of Denver v. Hubbard,* 17 Colo. App. 346, 68 P.993. The contract in that case bound the city to purchase street lighting for a stipulated period of ten years at a fixed annual rate. We held there that such contracts were within the proper exercise of proprietary and business powers of a municipal corporation; they were not objectionable as a surrender of legislative power.

In addition, the express provisions of C.R.S. 1963, 89-5-22 (3)(c) state:

"* * * *Nothing in this section shall prevent an agreement between a board and the owners of property sought to be annexed to or included in a district with respect to the terms and conditions on which such property may be annexed or included.*" (Emphasis added.)

█ The record clearly shows that National was in the South Adams Water and Sewage District and that the defendant North Washington District actively solicited National to withdraw from the district and seek inclusion in the new district being formed. The terms and conditions were worked out whereby the District was assured of capital construction funds to build its facilities. As this court said in the *Schlarb* case, *supra*:

"The relationship between plaintiff and defendant was purely contractual. Such being the case the reasonableness of the conditions or terms of inclusion within the area so as to reap the benefits of the sanitation services is not subject to review by the courts. The courts may only determine whether the district complied with the terms of the contract."

See also *Englewood v. Denver*, 123 Colo. 290, 229 P.2d 667, and *Fort Collins v. Park View*, 139 Colo. 119, 336 P.2d 716.

The judgment is reversed and the cause is remanded with instructions to the trial court to enter a declaratory judgment holding the contract enforceable according to its terms, and decreeing specific performance by the parties.