Mr. Al Meiklejohn State Senator Senate Chambers State of Colorado Denver, Colorado 80203
Dear Senator Meiklejohn:
By letter of April 11, 1979, you have requested my opinion on whether the definition of "employer" contained in C.R.S. 1973,8-2-118(2) includes a municipality, a school district, a county or a special district.
QUESTION PRESENTED AND CONCLUSION
Are municipalities, school districts, counties, or special districts "employers" as that term is used in C.R.S. 1973,8-2-118(2)?
My conclusion is "no."
ANALYSIS
C.R.S. 1973, 8-2-118(2) provides as follows:
 "Employer", as used in this section, means an individual, a partnership, an association, a corporation, a legal representative, trustee, receiver, trustee in bankruptcy, and any common carrier by rail, motor, water, air, or express company doing business in or operating within the state.
The statute does not expressly apply to any of the entities about which you have inquired. Application of the statute to any such entities can occur, if at all, only because they operate in one of the forms described in the statute, for example as a corporation.
With respect to each of the entities about which you have inquired, application of the statute by inference would be improper since such entities are considered to be instrumentalities or political subdivisions of the state. SeeBoard of Comm'rs of Montezuma County v. Wheeler,39 Colo. 207, 89 P. 50 (1907) (as to counties); Board of CountyComm'rs v. City and County of Denver, 150 Colo. 198,372 P.2d 152 (1962) (as to municipalities); Hazlet v.Gaunt, 126 Colo. 385, 250 P.2d 188 (1952) (as to school districts); and In re District 50 Metropolitan RecreationDist. v. Petitions of Exclusion by Furbush,166 Colo. 63, 441 P.2d 645 (1968) (as to a kind of special district).[1] Such instrumentalities are not bound by the provisions of a statute unless expressly included therein.Board of Comm'rs. of Montezuma County v. Wheeler,supra; 3 Sands, Sutherland StatutoryConstruction § 62.01 (4th ed. 1974). Moreover, it appears unlikely that the legislature intended the instant statute, which is silent as to public and quasi-public entities, to apply to such entities when the statute is compared with other statutory definitions of "employer," in which such entities are expressly incorporated. See, e.g., C.R.S. 1973,8-1-101(a) and (b); C.R.S. 1973, 10-12-213(1) ("any employer of labor in this state . . . including . . . any public
or private corporations . . .") (emphasis supplied).
SUMMARY
I therefore conclude that none of the entities about which you have inquired is included in the definition of "employer" contained in C.R.S. 1973, 8-2-118(2).
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYERS MUNICIPAL GOVERNMENT STATUTORY CONSTRUCTION MUNICIPAL CORPORATIONS COUNTIES SPECIAL DISTRICTS SCHOOL DISTRICTS
C.R.S. 1973, 8-2-118(2)
LEGISLATIVE BRANCH Senate
Municipalities, school districts, counties and special districts are not "employers" as used in a statute concerning costs of medical examinations required of applicants for employment since such governmental entities are political subdivisions of the state and not expressly included in the definition of "employer."
[1] Special districts are created pursuant to the provisions of C.R.S. 1973, 32-1-101 through 32-11-817 for various governmental purposes. One statutory provision, for example, declares that a metropolitan recreation district is, upon proper organization, a political subdivision of the state. C.R.S. 1973, 32-2-107(6). This governmental nature of special districts was recognized inSchlarb v. North Sub. San. Dist., 144 Colo. 590,357 P.2d 647 (1960), and the rationale of the District 50
case would appear to be applicable to any special district.