**METROPOLITAN DENVER SEWAGE DISPOSAL DISTRICT NO. 1,**
Plaintiff-Appellant,

v.

**The CITY OF COMMERCE CITY, a Colorado home rule city,**
Defendant-Appellee.

No. 86CA0056.

Colorado Court of Appeals,
Div. II.

May 28, 1987.

Rehearing Denied June 25, 1987.

Certiorari Denied (Metropolitan)
Nov. 9, 1987.

Inman, Erickson, & Flynn, P.C., Robert D. Inman, Theodore M. Smith, John J. Flynn, Jr., Denver, for plaintiff-appellant.

Gehler and Merrigan, Thomas E. Merrigan, Commerce City, Law Offices of Rick DeWitt, Rick DeWitt, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Metropolitan Denver Sewage Disposal District No. 1 (Metro), appeals the judgment of the district court holding it subject to the regulations of the Commerce City building code and denying its request for an injunction against enforcement of the code. We affirm.

In 1985, Metro began an expansion of its sewage processing facility located within the city limits of Commerce City, a home rule city chartered under Colo. Const. art. XX. Metro did not conform its construction of the facility to Commerce City's building code, and Commerce City's building inspector issued a stop-work order on the project for Metro's noncompliance with building permit requirements. After Metro applied for a permit and the stop-work order was lifted, it brought this action seeking a declaratory judgment that it was exempt from the building code and to enjoin further enforcement of the code. The district court granted summary judgment for Commerce City, and Metro appealed.

The sole issue on appeal is whether a building code enacted under the police power of a home rule city applies to the facilities constructed within that city by a

special district organized pursuant to statute. We hold that it does.

Here, there is no statute governing sewage disposal districts that directly conflicts with local building codes. *See Denver & Rio Grande Western R.R. Co. v. City & County of Denver*, 673 P.2d 354 (Colo. 1983). Metro is organized under § 32–4–501, et seq., C.R.S. While § 32–4–510(1)(k), C.R.S., exempts sewage disposal districts from obtaining a municipal franchise before establishing its facilities across public lands or rights-of-way, nothing in the statutory scheme evinces a legislative intent to exclude the districts organized thereunder from the application of municipal building codes. And, although § 25–8–702(1)(a), C.R.S. (1982 Repl. Vol. 11) requires approval by the Department of Health of the site location and design for construction or expansion of a sewage treatment facility, this provision is not inconsistent with enforcement of local building codes. That statute entails state approval only of the facility's *design* to ensure that its sanitary engineering features meet specific water quality control criteria. *See* § 25–1–107(1)(r), C.R.S. (1982 Repl. Vol. 11).

Under the plenary power granted to home rule cities by Colo. Const. art. XX, § 6, Commerce City's enactment of a building code designed to protect the health, safety, and welfare of the public is a proper exercise of its police power. *See Apple v. City & County of Denver*, 154 Colo. 166, 390 P.2d 91 (1964); *Heron v. City of Denver*, 131 Colo. 501, 283 P.2d 647 (1955). Although, as Metro maintains, a sewage disposal district is a quasi-municipal district and a political subdivision of the state, *see* § 32–4–510(1)(a), C.R.S., construction of its building is not governmental in nature but is proprietary in nature. *See National Food Stores, Inc. v. North Washington Street Water & Sanitation District*, 163 Colo. 178, 429 P.2d 283 (1967); *see also Mountain States Telephone & Telegraph Co. v. City & County of Denver*, 725 P.2d 52 (Colo.App.1986). As between proprietary powers given to a special district and the police power to protect its citizens giv-

en to a home rule city, the police power prevails. *People of Lakewood ex rel. People of State v. Haase*, 198 Colo. 47, 596 P.2d 392 (1979).

Therefore, Metro was subject to the regulations of Commerce City's building code, *see Town of Sheridan v. Valley Sanitation District*, 137 Colo. 315, 324 P.2d 1038 (1958); *Town of Glendale v. City & County of Denver*, 137 Colo. 188, 322 P.2d 1053 (1958), and the district court did not err in so ruling.

The cases from other jurisdictions that Metro cites to the contrary are either inapposite because they do not involve home rule cities or are distinguishable on their facts. Also, Metro's argument that compliance with the building code will result in a financial burden to it is an insufficient reason for relieving it from such compliance. *See Apple v. City & County of Denver, supra.*

Judgment affirmed.

SMITH and TURSI, JJ., concur.