## THOMAS S. SHERMAN *vs.* JOEL CONGDON.

New London Co., May T., 1888.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The owner of a lot with a well upon it conveyed the adjoining lot to the plaintiff in fee, with a grant in the deed of the right to use the well " so long as he and his heirs and assigns shall be at one half the expense of keeping the well and appurtenances in repair. '   The defendant afterwards acquired title to the servient estate, and made necessary repairs upon the well, half the expense of which the plaintiff refused to pay.   Held that the plaintiff could not excuse himself from such payment on the ground that, before the defendant acquired his title, he had himself made repairs upon the well, and had thus contributed his share towards the repairs.

[Argued May 30th—decided July 7th, 1888.]

ACTION for obstructing the plaintiff's use of a well on the land of the defendant; brought by the defendant's appeal from the judgment of a justice of the peace, to the Court of

Common Pleas in New London County, and tried to the court before *Crump*, *J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*A. A. Browning*, with whom was *S. A. Crandall*, for the appellant.

The court below erred in excluding evidence of repairs to the well, made by the plaintiff, between March 8th, 1871, and April 25th, 1878. The plaintiff's deed gave him the right to take water from the well " at all times, as long as said Sherman, his heirs and assigns, shall be at one half of the expense of keeping said well and the necessary appurtenances thereof in good condition and repair for use." The testimony ruled out was offered, as stated in the finding, " to show the entire expense that the plaintiff had been at in repairing the well." This was material evidence for the plaintiff upon the issue made and should have been admitted. Evidence tending in any degree to prove the issue is admissible. The court excluded this evidence on the ground that the inquiry could not be carried back of the date when the defendant's ownership began in 1878. It is to be noticed that the judgment is likewise based on a finding that the plaintiff had failed to be at one half the expense of keeping the well in good condition and repair for use *since the defendant's occupancy as owner* of the premises. This was the ground of the plaintiff's exception on the trial. He claimed the right to go back of April 25th, 1878, in presenting evidence of what he had done in repairing the well, and the defendant maintained that the inquiry could not be carried back of that date. Upon familiar principles the rights of the plaintiff were the same as though Chester Fuller had continued to own the servient estate. The assignee of a servient estate takes only the rights of the assignor. 2 Washb. R. Prop., 305, (*29) ; *Hills* v. *Miller*, 3 Paige, 254. The question at issue, raised by the pleadings and evidence, was not whether the plaintiff had expended more or less than the defendant during the latter's occupancy as owner,

but whether the plaintiff had kept the terms of his deed and borne one half the expense of keeping the well in repair. What if the plaintiff had not, during the defendant's occupancy as owner, borne one half the expense of maintaining the well? Must he be precluded from carrying the inquiry back a few years previous to that time to show, if he could, that on the whole he had borne his share of the expense? It is idle to claim that the plaintiff must do as much or more than each and every owner of the servient estate, towards maintaining the well. It was enough for him to show that he had, up to the time of the acts complained of, been at one half the expense of keeping the well in repair. This was a simple matter of accounting, and upon what principle could the plaintiff be restricted to time subsequent to April 25th, 1878?

*S. S. Thresher*, for the appellee.

BEARDSLEY, J. This is an. action for excluding the plaintiff from the use of a well, and comes here by his appeal from an adverse judgment in the Court of Common Pleas.

It is admitted by the pleadings in the case that on the 22d day of October, 1837, one Chester Fuller conveyed to the plaintiff in fee certain premises adjoining those occupied by himself, and by his deed of conveyance made a further grant to the plaintiff in the following words—" and I the said Chester Fuller do likewise grant unto the said Thomas S. Sherman full liberty to pass across my land adjoining his premises to the well of water in the rear of my dwelling house, in the most convenient place, and to draw water for use from said well at all times, so long as the said Sherman, his heirs and assigns, shall be at one half the expense of keeping said well and the necessary appurtenances thereof in good condition and repair for use."

The defendant admitted that he had excluded the plaintiff from the well, and claimed that he was justified in doing so by the plaintiff's refusal to pay one half the expenses of the necessary repairs upon it.

It is found that the defendant became the owner of the servient estate in 1878, but had occupied it as tenant for several years before he became the owner of it; and that the plaintiff had failed to be at half the expense of keeping the well in good condition and repair, and had refused to pay half the expense of such necessary repairs as the defendant had caused to be made. The plaintiff claimed that at some time before the defendant became the owner of the servient estate he had paid by his labor upon the well more than half the expense of the repairs upon it, and that he was therefore entitled to use water without further payment on account of repairs until the defendant had expended enough to make the aggregate contribution of himself and the former owners of the servient estate equal to the entire amount contributed by the plaintiff for that purpose, and offered evidence which we assume tended to show the amount of such contributions.

The claim of the plaintiff is untenable, and the court properly rejected the evidence. By the plaintiff's deed no right in the well is given to him, except to draw water from it so long as he should be at half the expense of the repairs upon it. Whenever he ceased to perform this condition his right ceased also. His obligation to perform the condition for the benefit of the defendant was not discharged because he had volunteered to contribute more than his share of the expense of repairs made while another person was the owner of it. If such over-payment was made under such circumstances as to create a liability to repay, such liability rested upon the person who received the benefit of it, and not upon the defendant.

The grantor by the deed to the plaintiff entered into no covenant, express or implied, to contribute to the payment for repairs which the plaintiff might make upon the well. Presumably the grantor and his successors in title would for their own convenience maintain it in a useful condition, but the deed to the plaintiff imposed upon them no obligation to do so.

If they had abandoned the use of the well, or for any

cause had ceased to make repairs upon it, they would thereby incur no liability to the owner of the dominant estate.

In such a case he might undoubtedly repair it for his own convenience, but he could not compel the owner to contribute to the expense of such repairs, because, as we have already said, the owner was under no legal obligation to make them. He might perhaps become liable for his use of such repairs if he afterwards availed himself of them, but if so his liability would rest upon another ground. *Doane* v. *Badger*, 12 Mass., 65; *Ballard* v. *Butler*, 30 Maine, 94.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.