OTTO SCHURICHT, RESPONDENT, v. JOE HAMMEN, APPELLANT.[*]

Kansas City Court of Appeals. December 7, 1925.

*Corpus Juris-Cyc References: Easements, 19CJ, p. 980, n. 81, 82.

*D. W. Peters* for respondent.

*H. P. Lauf* for appellant.

BLAND, J.—This is an action, originating before a justice of the peace, seeking to recover of the defendant one-third of the cost of certain work performed in straightening and changing a certain private road running over and through the land of plaintiff. There was a verdict and judgment in favor of plaintiff in the sum of $31.33, and defendant has appealed.

The facts show that the parties hereto are half-brothers; that plaintiff and defendant reside on their own land one-fourth and three-fourths of a mile, respectively, from the nearest public highway; that one Kratchmer resides on his own land between plaintiff and defendant; that in reaching the public highway the three parties, and those under whom they hold, for over forty years have used jointly a private road which runs through a part of the land of plaintiff and a portion of the land of defendant. This private road is the only means the three parties have of reaching the public highway. It is unnecessary for plaintiff to use any part of the road on defendant's premises in order to reach the public highway, but that part of the

road on defendant's premises is used by himself and Kratchmer. Other neighbors use the private road but these have direct access to the public road from their own premises. Plaintiff and defendant have lived upon and owned the places where they now reside for a period of respectively nine and sixteen years. The road between plaintiff's house and the place where it joins the public road and at a point where it traverses his land, had a slight curve in it for a short distance where it ran over a small hill. The road where it passed over the hill was composed of clay, gravel and rock and was in a poor condition. While it could be used it was rough and hard to get over. Sometimes it was almost impossible to use it.

Plaintiff requested defendant and Kratchmer to assist in the repair of the road where it went over the hill. Defendant refused, whereupon plaintiff told him that he was going to change the road and defendant, thinking that he meant that the was going to close it, said, "the road can't be closed," and plaintiff replied, "all right, I know it, but you travel the road along the line." Defendant then said, "You fix it so I can travel it." Defendant had done no work on the road for eleven years.

After defendant refused to assist in repairing the old road, plaintiff and Kratchmer proceeded to make the new road and so changed it that instead of the roadway curving and going over the hill, it now runs along the side of the hill. A fence was placed across the old road at the point where the road was turned. The point of contact between the private road and the public highway was not changed. Plaintiff did not request defendant to assist in changing the road to its new location. Plaintiff testified that he moved the road because defendant refused to help repair the road over the hill. There was some other evidence that the straightening of the road improved defendant's property. There was evidence that the expense incurred in establishing the road in the new location was not greater than had the old road over the hill been repaired, and that the change in the location made a better and more satisfactory road and easier to keep and maintain. The evidence shows that the reasonable value of the work done upon the road was $94 and that one-third of this amount, which plaintiff seeks to have defendant pay, was $31.33.

Defendant contends that his demurrer to the evidence should have been sustained. His theory is that the road where the repairs and changes were made was a private road owned by plaintiff and in which defendant had an easement. From a reading of plaintiff's brief it is not possible to tell exactly what he contends as to the relation of the parties. He refers to "a joint or partnership use of this road" by plaintiff, defendant and Kratchmer "as a way of necessity." Of course, in a technical sense, there was no partnership relationship existing between the three parties. Defendant and Kratchmer were

either mere licensees or had an easement of a right of way in the road running over plaintiff's land. It is not claimed that where one travels over a road of another under a mere license or permission, in the absence of an agreement to pay for his part of the repairs of the road, that a suit can be maintained against him for such repairs. So considering the relationship, we will assume that defendant and Kratchmer had an easement by prescription in the private road. This is more in consonance with the facts.

The rule is that the grantor of a private way or the owner of the servient tenement is not bound by implication to construct or keep it in repair, the rule being that "he who uses the easement must keep it in proper condition or suffer the resulting inconvenience unless there is a special agreement or prescriptive right to the contrary. [19 C. J. 980, 981.] There is no evidence in this case of any prescriptive right in favor of either plaintiff or defendant in the matters of keeping the road in repair.

"A grant of right of way implies no condition or covenant that the *grantee* shall keep it in repair. As between the owner of the easement and the owner of the servient estate the right and duty of repairing belong wholly to the former, in the absence of any agreement by the latter.

"The owner of the dominant tenement may be liable for injuries occasioned by his neglect to repair, and in this way he may be considered as bound to make the necessary repairs of the subject of the easement." [Jones on Easement, sec. 821.]

"Where there are several owners in common of a private way, each may make reasonable repairs which do not injuriously affect his co-owners; but he cannot make any alteration of the course of the way or any change in its grade or surface which will make the way less convenient and useful to any appreciable extent to anyone who has an equal right in the way." [Jones on Easement, sec. 829; see also 9 R. C. L., p. 795.]

"A failure on his part (the owner of the easement) to make repairs for an unreasonable length of time has been held to amount to an abandonment of the easement; but he is not bound to repair and maintain for the benefit of the servient tenement." [9 R. C. L., 794, 795.]

As defendant was under no obligation to make repairs upon the road, at least so far as plaintiff was concerned, plaintiff could not compel him to contribute to the expense of the repairs. [Sherman v. Congdon, 56 Conn. 355, 359.] The relationship between plaintiff and defendant and between these parties and Kratchmer is somewhat different. As between plaintiff on one hand and defendant and Kratchmer on the other, the relationship is that of owner of the servient and the dominant estate, while as between defendant and Kratchmer, they are co-owners in the easement in that part of the

road traversing plaintiff's land. It is unnecessary for us to decide whether Kratchmer could force a contribution for repairs from defendant, for the reason he is not suing in this case. The account filed in the justice court asks for one-third of the value of the work done by Kratchmer but there is nothing in the record to show that Kratchmer has assigned his claim, if any, to plaintiff.

It is insisted by defendant that plaintiff had no right to change the course of the road and he cannot recover for that reason. However, from what we have said there can be no recovery in any event and it is unnecessary for us to pass upon this question.

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.* absent.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 40, n. 13.