**Mary P. SWINGLER, (Plaintiff) Respondent,**

**v.**

**Rolla ROBINSON, Luella Robinson, Merrill K. Smith, Eleanor Smith, Charley Johnson, Jr., and Terry Lee Johnson, Defendants,**

**Rolla Robinson, Luella Robinson, Merrill K. Smith and Eleanor Smith, Appellants.**

**No. 30066.**

St. Louis Court of Appeals. Missouri.

Feb. 17, 1959.

Lovell W. George, Clayton, Frank E. Booker, St. Louis, for appellants Smith and Robinson.

Barnhart & Sommers, Cleo V. Barnhart, Donald B. Sommers, St. Louis, for respondent.

WOLFE, Judge.

This is an action in which the plaintiff seeks damages for personal injuries sustained when she fell from a porch on the rear of the premises that she occupied as the daughter of a tenant. There was a verdict and judgment for the plaintiff in the sum of $1,500 against the four defendants who owned the building and these defendants prosecute this appeal.

The evidence discloses that the plaintiff's father, Charlie Perkins, rented a ground floor flat in June of 1951. The flat was known as 4511 Cottage Avenue and was located in the City of St. Louis. It was part of a two-family building jointly owned by defendants Merrill K. Smith and Eleanor Smith, his wife, and his sister, Luella Robinson, and Rolla Robinson, her husband. The Robinsons lived on the upper floor known as 4511a Cottage Avenue. The Smiths did not live in the building. This two-family flat was divided only by a wall from an adjoining similar flat. The back porch and the steps leading up to it afforded the only rear entrance to the lower floor of both buildings. The adjoining building was owned and occupied by the defendants Johnson and his wife, who defaulted below and have not appealed.

The porch extended far enough across the rear of each lower flat to permit the back door of each to open upon it. Within a few feet from the plaintiff's back door and on her side of the porch there were steps leading down to the ground level. It was not in any way connected to the upper flats of the building and afforded no entrance to them. The owner of the adjoining flat was obliged to cross the length of the porch to reach the steps. The porch was enclosed by a railing or banister. When the plaintiff's father rented the place, according to the plaintiff, he was told that he would have to share the back porch with the parties living next door.

There were some clothes lines in the yard near the porch that extended parallel to it and were about the height of the banister from the ground. The plaintiff was in the habit of hanging clothes on these lines by reaching over the porch banister to do so, rather than taking her clothes to the ground level and hanging them up from there. The nearest line was just 13 inches from the porch railing but the farthest line was about 56 inches. In order to hang clothes from the porch, the plaintiff would lean against and partly over the porch banister.

While plaintiff was in the process of doing this on the day in question the banister gave way and the plaintiff fell to the ground. Since she was leaning over the lines she landed on her feet and then fell in a sitting position. The injury of which she complains was to her feet and she said that they were swollen and painful after the fall. She said that she had noticed that the banister was loose.

Defendant Smith said that he went to the premises frequently to see what condition they were in and that he had inspected the porch about a month prior to the plaintiff's fall and that it appeared to be in good condition.

In view of the conclusions we have reached the foregoing facts are all that need be set out.

■ The appealing defendants contend that the court should have directed a verdict for them, asserting as their reason, that there was no duty upon the landlords to keep the back porch in repair. The defendants state, and the plaintiff concedes, that the relationship of landlord-tenant does not of itself impose upon the landlord a duty to keep the rented premises in repair. It follows that the mere relationship of landlord and tenant does not make the landlord liable for injuries caused by

defects whether they existed at the time of the letting of the premises or came into being later. There are exceptions to this rule that are not here present. Warner v. Fry, 360 Mo. 496, 228 S.W.2d 729; Roach v. Herz-Oakes Candy Co., 357 Mo. 1236, 212 S.W.2d 758.

Plaintiff, however, states that there is more than the mere relationship of landlord and tenant present and seeks to rest her case upon the rule that whenever a landlord demises a portion of the property that he owns, to which access is had by way of halls, stairways, or other approaches, to be used in common with the owner or tenants of the same premises, the owner by such transaction retains the facilities and it is his duty to use reasonable care to keep them in safe condition for the use of the tenant. Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691; Gray v. Pearline, 328 Mo. 1192, 43 S.W.2d 802; Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; Turner v. Ragan, Mo., 229 S.W. 809.

The defendants assert that this rule is not applicable to the facts under consideration for the reason that there was no reservation of use for the landlord or other tenants, but that only the adjoining property owners used the porch for access to the rear entrance of their flat. In support of their contention the defendants cite us to Mahnken v. Gillespie, 329 Mo. 51, 43 S.W.2d 797.

That case is similar in fact to some considerable extent to the matter before us. It was an action to recover for the death of a child who fell into an improperly guarded well and drowned. In that case the property rented by the plaintiffs was one of two lots that had been at some time previous to the plaintiffs' tenancy owned by one person. There were houses on both lots. Each lot was sold to a different purchaser and the property line between them bisected the well. There was a paved walk leading from a walk in front of the two lots back to the well and the property line also ran down the middle of this walk. The tenants who brought the suit lived in one of the houses. One of the defendants was the landlord of the plaintiffs, and the other defendant was the owner of the other house and lived in it. The situation as to the ownership of the property and the status of its occupancy is therefore the same as that under consideration. The Supreme Court stated (43 S.W.2d loc. cit. 801):

> "The plaintiffs, however, invoke the exception to this rule, which is well stated in 36 C.J. 213 thus: 'A landlord who rents out parts of a building to various tenants, reserving the halls, stairways and other approaches for the common use of his tenants, is under an implied duty to use reasonable care to keep said places in a reasonably safe condition, and is liable for injuries to persons lawfully using those places for failure to perform this duty.' * * *

> "It is apparent, however, that this principle is not applicable here. Neither of the defendant landowners is in the position of a landlord who rents portions of his building or tenement to a number of tenants, who have a common use of walkways, stairways, porches, etc., and the care and control of which necessarily or by usage remains in the landlord. Here neither landlord had more than one tenant, and it cannot be said that either Gillespie, owner of the north lot, or Comer, owner of the south lot, in renting his premises retained care and control over a part used by his several tenants in common."

The plaintiff contends that the Mahnken v. Gillespie case is not in point because when the landlords rented the property in the instant case the tenant was told that the porch was to be used by the party next door. It is asserted that this constituted an easement and a reservation of use by the landlords.

It is certainly true that there was an easement for ingress and egress to the ad-

joining property, if not by grant then by implication. Bussmeyer v. Jablonsky, 241 Mo. 681, 145 S.W. 772, 39 L.R.A.,N.S., 549; Mahnken v. Gillespie, supra. This, however, did not constitute a reservation of use by the landlords either for themselves or their tenant. They could not demise more than they owned, nor reserve a use greater than that which they enjoyed, so the landlords rented the property subject to the easement of the adjoining property owner. The tenant, therefore, took the property subject to an easement of which he was aware. The owners of the easement were the owners of the adjoining property.

■ Liability for injury to the servient estate or to third persons, where the character of the easement is such that a failure to keep it in repair may result in injury, falls on the owner of the easement or the dominant estate. In the absence of an agreement to the contrary, the dominant estate must keep the easement in repair.

Stotzenberger v. Perkins, 332 Mo. 391, 58 S.W.2d 983; Schuricht v. Hammen, 221 Mo.App. 389, 277 S.W. 944; 28 C.J.S. Easements § 94 c, p. 775; Wells v. North East Coal Co., 274 Ky. 268, 118 S.W.2d 555; Fritcher v. Anthony, 20 Hun 495; Reed v. Allegheny County, 330 Pa. 300, 199 A. 187.

■ We are led to conclude that since there was demised to the tenant the landlords' entire estate, which was subject to an existing easement for the adjoining property, the landlords reserved no use for themselves or other tenants, and it consequently follows that the court should have directed a verdict for the landlord defendants.

For the reasons stated, the judgment against Rolla Robinson, Luella Robinson, Merrill K. Smith, and Eleanor Smith is reversed.

RUDDY, P. J., and JOHN K. REGAN, Special Judge, concur.