J. Tice **ROLLINS** and Phyllis Rollins, his wife, and Bill Payne and Mrs. Bill Payne, his wife, Plaintiffs-Respondents,

v.

Joe Leroy **SCHWYHART**, Defendant-Appellant.

No. 10433.

Missouri Court of Appeals, Southern District, En banc.

Sept. 18, 1979.

William A. Moon, Paul F. Reichert, Moon & Reichert, Springfield, for plaintiffs-respondents.

Robert S. Wiley, Crane, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment of the trial court finding in favor of plaintiffs on their petition for an injunction and against defendant's counterclaim.

Plaintiffs own land in Stone County, Missouri. In order to reach their land, plaintiffs use a roadway through defendant's property. Because of plaintiffs' alleged failure to maintain the roadway, defendant fenced the right of way on both sides and placed a gate across the roadway, denying the use of it to plaintiffs. Defendant contended plaintiffs lost their easement to the road by failing to maintain it. Plaintiffs then filed a petition for an injunction requiring the defendant to remove the gate. The trial court granted the injunction. Defendant does not complain on appeal of the court's granting the injunction. He makes two points on appeal: (1) that the court erred in not rendering judgment on his counterclaim for $2,900, his fencing cost, and (2) that the trial court erred in not granting a judgment declaring that plaintiffs must share in the maintenance of the roadway.

Plaintiffs' and defendant's rights and obligations arise from a document entitled "Agreement for a Right of Way", dated July 18, 1959. None of the parties to this suit were parties to that agreement. The grantors were defendant's predecessors in title and one or more of the grantees were plaintiffs' predecessors. The document

grants "a right of way 30 feet wide for a roadway". It then requires grantees to install and maintain two cattle guards, one at the entrance to the right of way from Highway 86, and another at the north side of the grant. Grantors reserved an equal right to use the roadway. No reference is made to maintenance of the roadway other than the cattle guards. The recited consideration paid to grantors was $166.50.

Defendant's second point, that plaintiffs must share in the maintenance of the roadway, will be considered first. As the right of way agreement created the legal rights and obligations of the parties, we first look to it to determine plaintiffs' obligations. In construing this agreement we must ascertain the intention of the parties, if possible, from the language of the document. *Rutledge v. Union Electric Company of Missouri*, 280 S.W.2d 670, 672 (Mo.1955); *Amitin v. Izard*, 252 S.W.2d 635, 639 (Mo. App.1952); 28 C.J.S. Easements § 26, p. 680. When parties reduce their agreement to writing it is presumed that the instrument contained their entire contract. *Conservative Federal Savings & Loan Association v. Warnecke*, 324 S.W.2d 471 (Mo.App.1959). We should not enlarge or extend the agreement. *Conservative Federal Savings & Loan Association v. Warnecke*, supra, 324 S.W.2d at 480. The agreement does not refer to maintenance of the roadway other than the cattle guards. To find plaintiffs obligated to maintain the other portions of the roadway, we would have to determine that it is implied from the terms of the document or that they are required to maintain it because of ownership and use of the easement. To imply a provision of maintenance where none occurs would be to create an obligation which the parties may not have intended. We should not imply unexpressed conditions as it may make an agreement contrary to what was intended. 17 Am.Jur.2d, Contracts, § 255, p. 651. Courts are careful not to imply a term as to which the contract may be intentionally silent. *Glass v. Mancuso*, 444 S.W.2d 467, 478 (Mo.1969). We should not make a new contract for the parties or rewrite their contract by construction. 17 Am.Jur.2d, Contracts, § 242, p. 629. We must determine a deed or contract by what it says, not by what it might have said. *Kerrick v. Schoenberg*, 328 S.W.2d 595, 599 (Mo.1959).

As the agreement is silent on the maintenance of the balance of the roadway, defendant contends that the maintenance should be shared proportionately by the ones using it. He cites cases collected in an annotation at 20 A.L.R.3d 1026. Those cases are not applicable here as no provisions for maintenance were made in the creation of the easements. The agreement here covers maintenance of a part of the right of way, the cattle guards. That maintenance is the requirement of plaintiffs and their predecessors. The agreement is silent as to any obligation of the grantees to maintain the remainder of the way. The parties provided for maintenance of part of the roadway. Where an agreement expresses one thing of a class, it implies exclusion of all not expressed. *Lusk v. Lyon Metal Products*, 247 S.W.2d 617 (Mo.1952); 17 Am.Jur.2d, Contracts, § 255, p. 652. This principle is to aid in ascertaining the intentions of the parties as discoverable as upon the face of a document. *Johnson v. Thompson*, 251 S.W.2d 645, 647 (Mo.1952). It is "applicable only where clearer indications for construction are wanting". 17A C.J.S. Contracts § 312, p. 173.

What conditions existed in 1959 regarding maintenance or what the parties contemplated at that time is not known. Were we to require plaintiffs to take over a share of the maintenance of all the roadway, we would be in effect writing a new clause in the agreement, which may have been contrary to the intentions of the parties. The parties may have considered that little or no maintenance was necessary for the road, as some evidence here indicated. They may have felt that the consideration was sufficient enough that grantors would maintain the road. There was evidence that little maintenance was required of the roadway, but almost constant maintenance necessary for the cattle guards. Grantors reserved an equal right to use the roadway. The grantee's obligation to maintain the cattle

guards may have been more burdensome than maintenance required on the remainder of the roadway. On the face of the instrument there is no obligation to maintain other than the cattle guards and we do not think additional maintenance can be required where some is provided for.

The only Missouri case which counsel cite, and we have been able to find bearing on the requirement of the owner of an easement to maintain or contribute to maintenance, is *Schuricht v. Hammen*, 221 Mo. App. 389, 277 S.W. 944 (1925). It held that the owner of the easement was not under obligation to repair a roadway or contribute to the cost of repair by the owner of the fee. In the opinion the court assumed that the easement right to use the private road was acquired by prescription. It has also been held that the owner of the servient estate (defendant herein) is under no obligation to maintain or repair an easement roadway. *Stotzenberger v. Perkins*, 332 Mo. 391, 58 S.W.2d 983, 987 (1933).

Defendant cites *Swingler v. Robinson*, 321 S.W.2d 29 (Mo.App.1959). It held that the dominant estate may be liable for failure to keep the easement in repair where the character of the easement is such that a failure to repair it may result in injury. That case has no application to the present controversy. We are determining the rights and obligations between the parties to the easement. Who, if anyone, may be liable for the failure to maintain the roadway if injury occurs, is a different question.

The trial court found that since the easement agreement contained no provision or condition regarding maintenance of the roadway, plaintiffs are not required to maintain it. We believe his finding was correct and rule Point II against defendant.

Point I of the defendant contends that the trial court erred in not rendering judgment for defendant on his counterclaim for $2,900. The counterclaim was for the cost of fencing allegedly required due to plaintiffs' failure to maintain the cattle guards. Defendant argues that the court's judgment against him on his counterclaim was inconsistent with the court's findings. The trial court found that plaintiffs failed to maintain a cattle guard and that the cattle guard was necessary to keep defendant's cattle in their enclosure and, because of this, defendant fenced both sides of the right of way. Defendant testified and the trial court found that defendant fenced the right of way at a cost of $2,900. The court did not find that it was necessary or reasonable to do the fencing.

The trial court's findings are not inconsistent with the judgment on defendant's counterclaim. Even if the defendant fenced because of plaintiffs' failure to maintain the cattle guards, it does not necessarily follow that defendant recovers on his counterclaim. Plaintiffs were charged with failing to maintain the cattle guards. If this occurred, defendant's proper measure of damages was the cost to maintain the guards. Defendant did not maintain them but chose instead to fence the right of way. There was no finding that this was reasonable or necessary under the circumstances. Also, there is no evidence of the cost of maintaining the cattle guards. There was evidence from defendant as to what it would cost to put in cattle guards and maintain them. Defendant said that was about the same as his fencing cost. However, cattle guards were already in, until defendant removed them. There was no evidence as to what just the cost of maintenance of the cattle guards would have been. Thus, there was no evidence as to the damages for failure to maintain the cattle guards. The defendant's testimony as to the fencing and the cost of putting in and maintaining cattle guards may have been undisputed, but it was not a correct measure of damages.

Had the defendant's testimony been sufficient on the element of damages, still the judge did not have to believe it even if uncontradicted. *Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston*, 526 S.W.2d 407, 421 (Mo.App. 1975). The trial judge can believe all or a part of a witness' testimony and reject the rest. *Estate of Sheets v. Sheets*, 558 S.W.2d 291, 296 (Mo.App.1977).

Findings of fact were not requested by either party, and the court did not make a specific finding setting forth in detail why he found against defendant. All facts which are not specifically found are determined to be in accordance with the result reached. *Moore v. City of Pacific,* 534 S.W.2d 486, 491 (Mo.App.1976). The trial court may have found the evidence insufficient on damages. The trial judge will be affirmed if correct on any reasonable theory supported by the evidence. *Roth v. Roth,* 571 S.W.2d 659, 664 (Mo.App.1978).

It can be reasonably concluded that the trial court could have found the evidence insufficient that it was necessary to fence. No reason was given why defendant could not have maintained the cattle guards and asked for that cost. The judge might have found for plaintiffs on the counterclaim because the damages were not proven to his satisfaction. Defendant fenced both sides of the roadway from one cattle guard to the other cattle guard with 39 inch woven mesh and two barbed wires. Before the fence was built, he had cattle, horses, hogs, and goats get out. The fence was apparently designed to hold in more than just cattle. Whether the cattle guard was so designed, we don't know. The judge found the cost of fencing at $2,900, but did not find that it was necessary, because of plaintiffs' breach of the maintenance of the cattle guards. A finding, either that such fencing was not necessary, or defendant's damages not sufficiently proven, would be reasonable and would not be inconsistent with the court's other findings. The trial court's judgment is presumptively correct, and the defendant has the burden to demonstrate that the judgment is erroneous. *French v. Tri-Continental Leasing Co.,* 545 S.W.2d 345, 348 (Mo.App.1976). We do not believe such a showing has been demonstrated. This point is likewise ruled against defendant.

ˌ The judgment is affirmed.

All concur.