Carl E. FREEMAN and Myrl M. Freeman, Plaintiffs-Respondents,

v.

George LeRoy TAYLOR and Gladys Taylor, Defendants-Appellants.

No. 11795.

Missouri Court of Appeals, Southern District, Division Two.

July 29 1981.

Daniel P. Wade, Grant Q. Haden, Wade & Haden, Ava, for plaintiffs-respondents.

Richard T. Martin, Gainesville, for defendants-appellants.

PREWITT, Presiding Judge.

Defendants-Appellants raise one point for our consideration. It states:

"The Court erred by entering judgment in favor of Plaintiffs-Respondents on Count I, determination of title, and in favor of Defendants-Appellants on Count II, ejectment, because the Court in so doing did not determine the boundary line between the respective parties' properties which was the issue before the Court."

A jury was waived and the case was heard on plaintiffs' three-count petition and defendants' answer. The first count of the petition stated that plaintiffs owned the northeast quarter of the southeast quarter of Section 24, Township 23, Range 14 in Ozark County, Missouri, and that defendants owned adjoining property. It alleged that "during the mid 1950's" plaintiffs and defendants' predecessors in title agreed upon and erected a fence "at a point where they believed the division line between" the properties to be, except they agreed that a "small meadow lying inside the boundary of Plaintiffs' forty would be fenced out of Plaintiffs' forty so that the then owners of the [defendants'] property could use the spot as a garden"; and that "the use by Defendants' previous owners of this small meadow was permissive in nature". Count I further claims that with the exception of the meadow the parties agreed that the fence would be the boundary line between the properties; that defendants entered upon plaintiffs' property claiming it as their own; that defendants have constructed a road across the property and have taken down the agreed upon fence. Plaintiffs asked that the court decree that they are the owners of the property and that defendants' use of it was unlawful. Count II incorporates Count I and states that defendants have entered into the "northeast" corner of their forty acres. It requests that plaintiffs recover possession of that portion of their property. Count III incorporates Counts I and II and asks damages for trespass. Defendants' answer denies that plaintiffs were the owners of the forty acres described in their petition; admits that defendants own the adjoining property and denies that there was any agreement for a fence or boundary line between the properties. The answer also claims that defendants acquired title to the "lands under their fence", by adverse possession. The trial court found Count I for plaintiffs

and quieted title in them to the forty acres they claimed, "including the area fenced out". Counts II and III were found in favor of defendants.

The evidence showed that by deed in 1950 plaintiff Carl Freeman acquired record title to the northeast quarter of the southeast quarter of Section 24, Township 23, Range 14 in Ozark County, Missouri. The area in dispute is 1.33 acres in or near the northwest corner of that land. Near that corner defendants own property lying along plaintiffs' north and west property lines. Plaintiffs offered evidence that in the early 1950's they and defendants' predecessors in title were unaware where the true line was between their properties and by agreement installed a fence running north and south where they thought the line between them was. That fence connected with a fence running east and west near the northwest corner for plaintiffs' land. There was no survey or other evidence establishing where the north or west lines of the property described in plaintiffs' deed would be in relationship to the fences. Plaintiffs claim that it was agreed that the north-south fence line would thereafter be their west boundary, except for a "small meadow" which was to be on defendants' predecessors' side of the fence. Plaintiffs would retain ownership of the meadow but defendants' predecessors would use it with plaintiffs' permission. On the property plaintiffs claim to own there is a "cross fence" which starts at the east-west fence near plaintiffs' north line 326 feet east of where the fences connected. From there it runs generally southwesterly to a creek. It goes northwesterly across the creek and then proceeds southwesterly along the meadow to the fence installed on or near the west line of plaintiffs' property. The disputed area lies north and west of the cross fence, between it and the north-south and east-west fences. Plaintiffs contended that they used this area as a holding pen for their stock and that the cross fence was never intended to be the property line. They claim that defendants bulldozed a road through this area and tore down the fence which ran north from the meadow to the northwest corner of plaintiffs' property.

Defendants claim that when they purchased their property there was no useable existing fence west of what plaintiffs call the cross fence and they were told by their predecessors that this fence was the property line. They contended that since 1962 they have treated it as the line and have used the disputed area for grazing cattle and other purposes. Defendants did not present evidence disputing that plaintiffs and defendants' predecessors had agreed as to the fence and plaintiffs' west property line. Defendants considered the agreed north-south fence as plaintiffs' west line except where it, or what was left of it, ran along the disputed tract.

We do not believe on the pleadings and evidence before him that the trial judge erred in failing to determine the boundary line between the properties. Plaintiffs' Count II asked for ejectment and ejectment can be an appropriate remedy to establish a common boundary line. *Adams v. White*, 488 S.W.2d 289, 290–291 (Mo.App. 1972). However, plaintiffs in that count sought possession only to the portion of the northeast quarter of the southeast quarter of Section 24, Township 23, Range 14, Ozark County, Missouri, that defendants had entered and were withholding from plaintiffs. There was no evidence that any of defendants' acts were within the forty acres described. Therefore, even if we should allow defendants to complain of a ruling which they asked for in their answer, and which appears to be in their favor, we cannot say that the trial court erred in ruling that count in favor of defendants.

The only dispute developed in the evidence was whether the defendants had acquired title to the disputed tract by adverse possession. If so, this would change the west line of plaintiffs' property. The court's ruling on Count I found that defendants had not established such a claim to any of plaintiffs' original forty acres. As no findings of fact were made, all controverted facts are considered found in accordance with the result reached. Rule 73.01(a)(2);

*Rollins v. Schwyhart*, 587 S.W.2d 364, 368 (Mo.App.1979). Defendants rely on *Carroz v. Kaminiski*, 467 S.W.2d 871 (Mo. banc 1971). However, the question there was not one of title but where the boundary between the parties was "on the ground". Here there was a title question presented due to defendants' claim of adverse possession and the trial court was required to adjudicate the interest of the parties. *Hillman v. Hedgpeth*, 600 S.W.2d 625, 628–629 (Mo.App.1980). Having done so, there was no indication that the parties could not locate the line on the ground. The trial court quieted title to plaintiffs' forty acres as requested in Count I and there is no complaint that the evidence was insufficient to support its ruling. Count II was ruled correctly for defendants as the evidence did not show that any of their acts complained of occurred in the property described in that count. No contention is made that the ruling on Count III was improper.

The judgment is affirmed.

HOGAN, BILLINGS, and MAUS, JJ., concur.