Norval A. McDONALD and Louise
McDonald, husband and wife,
Respondents,

v.

David L. BEMBOOM and Kathy Bem-
boom, husband and wife, and Guy
Shook and Anna Shook, husband and
wife, Appellants.

No. WD 36030.

Missouri Court of Appeals,
Western District.

May 28, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 30, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Robert L. Hyder, Hyder & Prenger, P.C., Jefferson City, for appellants.

David Brydon, Hawkins, Brydon & Swearengen, P.C., Jefferson City, for respondents.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM.

Plaintiffs (hereinafter McDonalds) filed a multicount petition in the Circuit Court of Cole County against defendants (hereinafter Bemboom-Shook) for injunctive relief, damages, and apportionment of repair and maintenance costs in conjunction with an easement for a private roadway. Defendants filed an answer and a counterclaim for injunctive relief and damages. Statuswise, regarding the easement for a private roadway, McDonalds were owners of the dominant tenement and Bemboom-Shook were owners of the servient tenement.

The case was tried to the court and a decree was entered awarding McDonalds the injunctive relief prayed for along with a judgment in favor of Bemboom-Shook and against McDonalds on the latter's claim for damages, and in favor of McDonalds and against Bemboom-Shook on their counterclaim for injunctive relief and damages. McDonalds' count for apportionment of repair and maintenance costs of the private roadway against Bemboom-Shook was not ruled on by the trial court at the time. However, the trial court recited in the combined decree and judgment heretofore mentioned that the count for apportionment of costs was "subject to a further hearing of this Court."

Approximately four years later a "further hearing" was held by the trial court resulting in a judgment for $347.20 in favor of McDonalds and against Bembooms, and for $347.20 in favor of McDonalds and against Shooks as their proportionate share of repair and maintenance costs of the private roadway. Bemboom-Shook, appellants herein, appeal only that portion of the overall decree and judgment in favor of McDonalds and against Bemboom-Shook for proportionate shares of the cost of repair and maintenance of the private roadway. The bifurcated nature of the trial below accounts for one or two issues raised by Bemboom-Shook on appeal.

The record on appeal is sparse, confusing and, in several instances, incomplete. For example, the legal instrument granting McDonalds an easement for a private roadway is not included, and legal descriptions of the tracts of real property owned by the various parties and their respective locations and sources of title, are largely left to imagination. After considerable effort, this court has been able to piece together the following facts.

The residences of all the parties were so located with respect to a public road that the private roadway in question was their only means of egress and ingress. McDonalds and Bemboom-Shook all used the private roadway on a regular, continuing basis to get to and from their respective residences and the public road. It appears that there was a common grantor some-

where in the respective chains of title both as to the easement conveyed to McDonalds and the separate tracts of real property conveyed to each of the parties on which their residences were located. Conveyance of the easement and tract of real property to McDonalds apparently preceded conveyance of any tracts of real property to Bemboom-Shook. Although neither a copy of the written easement nor an oral recitation of its terms are before this court, the overall tone of both briefs on appeal indicates that it was silent regarding repairs and maintenance of the private roadway.

Bemboom-Shook raise two points on appeal—(1) the trial court lacked jurisdiction to render judgment in favor of McDonalds and against Bemboom-Shook for proportionate shares of the cost of repairs and maintenance of the private roadway, and (2) Bemboom-Shook, owners of the servient tenement, as a matter of law, were not liable for proportionate shares of the cost of repairs and maintenance of the private roadway.

Sections 506.110 and 506.160(6), RSMo 1978, are the only authority cited by Bemboom-Shook in support of their first point. Section 506.110, supra, is captioned "How suits may be instituted in courts of record" and § 506.160, supra, is captioned "Service by mail or publication." The only conclusion this court can draw, in view of the aforementioned statutes cited by Bemboom-Shook, is that they apparently contend that the "further hearing" held by the trial court and the judgment rendered in conjunction therewith in favor of McDonalds and against Bemboom-Shook was posited upon a new, separate and distinct cause of action which was never instituted by the filing of a petition and obtainment of service of process upon Bemboom-Shook. Suffice it to say, Bemboom-Shooks' reliance upon §§ 506.110 and 506.160(6), supra, is misplaced.

When McDonalds' original petition was filed it contained a count for apportionment of the cost of repairs and maintenance of the private roadway against Bemboom-Shook, and service of process was

properly obtained on Bemboom-Shook in conjunction therewith. The decree and judgment rendered prior to the "further hearing" deferred by the trial court was not a final judgment, and no appeal was taken therefrom, as it did not dispose of all the issues and left the count for apportionment of costs for the trial court's later determination. See: *Crow v. Bertram*, 681 S.W.2d 6, 7 (Mo.App.1984). Bemboom-Shook had notice of the "further hearing" and the judgment for apportionment of costs recites that they appeared in person and by counsel and presented evidence at such hearing. The trial court had continuing jurisdiction to conduct the "further hearing" and render judgment in favor of McDonalds and against Bemboom-Shook for apportionment of costs. See: *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683, 687 (Mo.App.1977); and *Schenberg v. Schenberg*, 307 S.W.2d 697, 702–03 (Mo.App.1957). Bemboom-Shooks' first point affords no basis for relief.

In their second and final point, Bemboom-Shook contend they could not be assessed proportionate shares of the cost of repairing and maintaining the private roadway, as a matter of law, because of their status as owners of the servient tenements. Four cases are cited by Bemboom-Shook in support thereof: *Schuricht v. Hammen*, 221 Mo.App. 389, 277 S.W. 944 (1925); *Stotzenberger v. Perkins*, 332 Mo. 391, 58 S.W.2d 983 (1933); *Swingler v. Robinson*, 321 S.W.2d 29 (Mo.App.1959); and *Rollins v. Schwyhart*, 587 S.W.2d 364 (Mo.App. 1979). A careful and exhaustive analysis of each of these cases reveals that they are readily distinguishable from the instant case and therefore offer little, if any, guidance.

In *Schuricht*, the owner of the *servient tenement* brought an action against the owner of the *dominant tenement* to recover a proportionate share of the costs he incurred for "straightening and changing" a private roadway jointly used by both parties. A judgment in favor of the owner of the servient tenement and against the

owner of the dominant tenement was reversed on appeal. The role of the parties was reversed, and structural changes to a private roadway were involved rather than repairs and maintenance occasioned by ordinary use and wear.

In *Stotzenberger*, the owner of the *servient* tenement sought injunctive relief against the owner of the *dominant* tenement to prevent the latter from obstructing use of a private roadway. The injunctive relief prayed for was granted, and affirmed on appeal. Once again, the role of the parties was reversed as compared with the instant case. Although there is some dictum in the case seized upon by Bemboom-Shook, apportionment of the cost of repairs and maintenance of the private roadway jointly used by the owners of the servient and dominant tenements was not an issue in the case.

In *Swingler*, the plaintiff, a lessee of the owner of the servient tenement, brought an action for personal injuries against the owners of the dominant and servient tenements (defendants) arising from a fall while using a common entranceway to adjoining properties. Judgment was rendered in favor of the lessee (plaintiff) of the owners of the servient tenement and against the owners of the dominant and servient tenements (defendants). No appeal was taken by the owners of the dominant tenement. The owners of the servient tenement appealed and the judgment rendered against them was reversed. The owners of the servient tenement (plaintiff's landlord) neither reserved nor used the common entranceway where the tenant fell. Plaintiff was the only tenant of the owners of the servient tenement who used the common entranceway and her use was in conjunction with its use by the owners of the dominant tenement. The court held that the owners of the servient tenement were not liable because the situation was not comparable to the duty of a landlord regarding a common passageway reserved by a landlord for use by multiple tenants. Although there is some dictum in *Swingler* which appears favorable to Bemboom-Shook, the precise issue presented on appeal in the case sub judice, apportionment of costs of repairs and maintenance of a private roadway regularly used by the owners of both the dominant and servient tenements, was not involved.

In *Rollins*, the owners of the dominant tenement sought a mandatory injunction to compel the owner of the servient tenement to remove a fence which he had built across a private roadway. The private roadway was the only means of access the owners of the dominant tenement had to and from a public road. The owner of the servient tenement filed a counterclaim for damages based upon the failure of the owners of the dominant tenement to install and maintain "cattle guards" at each end of the private roadway as provided in the written "Agreement for a Right of Way". The injunctive relief prayed for was granted, and judgment was rendered in favor of the owners of the dominant tenement and against the owner of the servient tenement on the latter's counterclaim for damages. The owner of the servient tenement appealed the judgment rendered against him on his counterclaim, but did not appeal from the injunctive relief granted the owners of the dominant tenement. There is nothing in the record which indicates that the owner of the servient tenement used the private roadway, as he had other means of access to and from the public road. At the trial level the owner of the servient tenement contended that the owners of the dominant tenement had forfeited their right to use the private roadway because of their breach of the written "Agreement for a Right of Way", i.e., failure to install and maintain "cattle guards". On appeal, the owner of the servient tenement contended (1) the trial court erred in rendering judgment against him on his counterclaim for damages and (2) the trial court erred in not granting a judgment declaring that the owners of the dominant tenement (plaintiffs) "must share in the maintenance of the roadway." Regarding his first point on appeal, the court held that the owner of the servient tenement (defendant) failed to adduce sufficient evidence to support his

counterclaim for damages. Regarding his second point, the court held that he was not entitled to a judgment declaring that the owners of the dominant tenement (plaintiffs) must share in the maintenance of the private roadway. The court particularly noted that under the written "Agreement for a Right of Way" the only obligation assumed by the owners of the dominant tenement (plaintiffs) was to install and maintain "cattle guards", but was silent as to any obligation on the part of the owners of the dominant tenement (plaintiffs) to maintain the remainder of the private roadway. The court based its holding upon the principle that "[w]here an agreement expresses one thing of a class, it implies exclusion of all not expressed." *Rollins v. Schwyhart,* supra, at 366. Upon careful analysis, apportionment of the cost of repairs and maintenance of a private roadway used by the owners of both the servient and dominant tenements on a regular, continuing basis, where the easement is silent regarding any obligation for maintenance of part or all of a private roadway, was not an issue in *Rollins.*

 According to McDonalds, as well as this court's independent research, the precise issue raised by Bemboom-Shook in their second and final point is one of first impression in this state. A respectable body of authority in other jurisdictions holds that apportionment of the cost of repairs and maintenance of a private roadway between the owners of the dominant and servient tenements is fair and just, even though the agreement creating the easement is silent with respect thereto, where the owners of both the dominant and servient tenements regularly use the private roadway. See: *Lindhorst v. Wright,* 616 P.2d 450 (Okla.App.1980); *Van Natta v. Nys,* 203 Or. 204, 278 P.2d 163 (1954), overruled on unrelated grounds in *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960, 962 (1970); *Marsh v. Pullen,* 50 Or.App. 405, 623 P.2d 1078 (1981). Also see generally: *Barnard v. Gaumer,* 146 Colo. 409, 361 P.2d 778 (banc 1961); *Lynch v. Keck,* 147 Ind.App. 570, 263 N.E.2d 176 (1970); and *Bina v. Bina,* 213 Iowa 432, 239 N.W. 68

(1931). The obtaining principle enunciated in the cases just cited is adopted by this court, and, in view of the particular facts laboriously gleaned from the record on appeal in this case, governs disposition of Bemboom-Shooks' second and final point on appeal. Accordingly, Bemboom-Shooks' second and final point is rejected.

Judgment affirmed.