**WEST ADAMS COUNTY FIRE PROTECTION DISTRICT, a quasi-municipal corporation; and North Metro Fire Rescue Authority, a public entity, Plaintiffs–Appellees,**

v.

**ADAMS COUNTY SCHOOL DISTRICT 12, a/k/a Adams Twelve Five Star Schools, Defendant–Appellant,**

**and**

**John Donlon, Director of Division of Labor, Department of Labor & Employment, Defendant–Appellee.**

No. 95CA0378.

Colorado Court of Appeals, Div. I.

Aug. 8, 1996.

Rehearing Denied Sept. 5, 1996.

Clanahan, Tanner, Downing & Knowlton, Dino A. Ross, Richard L. Shearer, Denver, for Plaintiffs–Appellees.

Miller, Delay & Crabb, P.C., Fred C. Kuhlwilm, Kenneth A. Delay, Pauline A. Brock, Westminster, for Defendant–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Baird, First Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge CRISWELL.

This appeal by defendant, Adams County School District 12, from a declaratory decree of the district court requires us to determine whether Colorado statutes authorize a fire protection district to inspect public school buildings and to enforce the provisions of the fire code adopted by the defendant, Director of the Division of Labor (Director). As did the trial court, we conclude that such a district possesses such authority. Hence, we affirm.

Plaintiffs (collectively District) consist of West Adams County Fire Protection District, a fire protection district governed by the provisions of the Special District Act, § 32–1–101, et seq., C.R.S. (1995 Cum.Supp.), and the North Metro Fire Rescue Authority, a public entity created by agreement between the fire protection district and the City of Thornton to provide fire protection services within Thornton's boundaries and the district's service area.

The original complaint alleged that the District, the County of Adams, and the Director had each adopted, pursuant to statutory authority granted to each, the 1991 Uniform Fire Code, with certain local variations not pertinent to the existing controversy. *See* 7 Code Colo. Reg. 1101–7 § 2.1.1 (1992). It also alleged that, pursuant to the authority granted to it by statute, the District had inspected several school buildings maintained by defendant and had discovered that each of those buildings had several deficiencies which violated the provisions of the 1991 Uniform Fire Code and which endangered the safety of handicapped students and others. The District asserted that it had entered into two agreements with defendant— one pursuant to which defendant agreed to make certain modifications to each building, and the other not to allow handicapped pupils on the second floor of those buildings until such modifications were completed—but that defendant had failed to comply with either agreement.

In addition, the complaint asserted that defendant's fire signaling system was so deficient that it took defendant an average of 13.3 minutes to provide the District with notification of any fire within a school building, rather than the maximum of 90 seconds recognized as a proper standard.

The complaint requested that the court enter its injunction, requiring defendant to bring particular school buildings into compliance with the 1991 Uniform Fire Code and to prevent handicapped children from being on the second floor of those buildings, pending completion of any modifications required to comply. However, it also recognized that defendant and the Director had asserted that only the Director had the authority to enforce the fire code with respect to public school buildings. Hence, it also requested that, should the court determine that only the Director has the authority, the court issue its writ of mandamus requiring the Director to undertake suitable enforcement action against defendant.

After the action was initiated, the District and defendant entered into a written stipulation whereby defendant undertook to make the modifications demanded by the District; thus, the request for injunctive relief was not addressed by the court. However, defendant sought declaratory relief and moved for summary judgment, asserting that the pertinent statutes granted only the Director the authority to enforce the provisions of the fire code.

The trial court disagreed. Hence, it entered a judicial declaration that the District "has at least concurrent jurisdiction to annually inspect the school buildings operated by [defendant] and to require compliance with remedial orders arising from these inspections." It is from that declaratory decree that defendant appeals.

All of the parties agree that resolution of the issue presented requires consideration of three separate statutes. Each of these statutes concerns the authority of one of the three public entities involved in this proceeding, but none of them have been the subject of prior pertinent judicial interpretation. We start our analysis, then, with the statute that describes the powers of a fire protection district and its fire chief.

Section 32–1–1002(3)(b)(I), C.R.S. (1995 Cum.Supp.) *requires* the fire chief of any fire protection district to "[e]nforce *all* laws of this state ... relating to the prevention of fires and the suppression of arson." (emphasis supplied) Likewise, § 32–1–1002(3)(b)(II)(A), C.R.S. (1995 Cum.Supp.) requires the chief or his delegate to "[i]nspect ... as often as he shall deem necessary, *all* buildings, premises, and public places ... for the purpose of ascertaining and causing to be corrected any condition liable to cause fire ...." (emphasis supplied)

Section 32–1–1002(3)(b)(IV), C.R.S. (1995 Cum.Supp.), which requires the chief to enforce all laws of the state pertaining to the storage, use, or transportation of certain materials, specifically excepts from the chief's enforcement responsibility "the production, transportation, or storage of inflammable liquids as regulated by articles 20 and 20.5 of title 8 and title 34, C.R.S.," *i.e.*, fuel products or storage facilities subject to regulation by the state inspector of oils, *see* § 8–20–102, C.R.S. (1995 Cum.Supp.) and § 8–20.5–104, C.R.S. (1995 Cum.Supp.), or by the gas conservation commission, *see* § 34–60–106, C.R.S. (1995 Repl.Vol. 14). Significantly, however, this statute contains no similar exception removing from a fire chief the responsibility to enforce any fire regulations adopted by the Director.

The second pertinent statute is § 8–1–107, C.R.S. (1986 Repl.Vol. 3B), which sets forth the duties and powers of the Director. It provides that the Director has the duty and power to "[e]nforce the provisions of sections 22–32–124 and 23–71–122, C.R.S." Section 8–1–107(2)(d), C.R.S. (1986 Repl.Vol. 3B). The two referenced statutes pertain, respectively, to public school districts and to junior college districts. They contain essentially the same provisions.

The third statute at issue here, § 22–32–124, C.R.S. (1995 Repl.Vol. 9) contains three sub-sections, each of which is significant to our analysis.

Section 22–32–124(1), C.R.S. (1995 Repl.Vol. 9) requires that a school district, before it acquires any land upon which to build, must consult with local planning authorities to assure that "the proposed site shall conform to the adopted plan of the community insofar as is feasible." Nevertheless, it is the board of education of the school district that has the authority "to finally determine the location of public schools within the district and erect necessary buildings and structures." Finally, this sub-section requires that: "All buildings and structures shall be *erected* in conformity with the standards of the division of labor." (emphasis supplied)

Section 22–32–124(2), C.R.S. (1995 Repl.Vol. 9) provides that, "[n]otwithstanding the provisions of § 8–1–107(2)(d), C.R.S.," the Director may request the "appropriate *building department* of a county, town, city, or city and county" to inspect a school district's building or structure to assure that it "has been *erected* in conformity with the standards" of the Director. (emphasis supplied) *See* 7 Code Colo. Reg. 1101–7 § 2.1.2 (1992), in which the Director has· adopted the Uni-

form Building Code for construction of school buildings.

If such a request is made, inspections by the local building department are to be "in lieu of any inspections made by" the Director. This sub-section also provides that any of the local authorities requested by the Director to engage in building inspections "shall also be authorized to annually inspect the building or structure *to assure* that it is *maintained* and operated in accordance with the *fire code* adopted by [the Director]." (emphasis supplied)

Finally, § 22–32–124(3), C.R.S. (1995 Repl. Vol. 9) reads as follows:

> The county, town, city, city and county, or *fire protection district* providing fire protection service for the buildings and structures of a school district may annually inspect such buildings and structures *to assure* that they are *maintained* in accordance with the fire code adopted by the director... unless the board of education of the district has contracted for such inspections to be conducted by a person qualified to conduct such inspections by reason of experience, training, or certification. (emphasis supplied)

Before us, the defendant concedes that the District has been granted the right to *inspect* all school buildings; it claims, however, that this right to inspect does not carry with it the corollary right to *enforce* the fire code adopted by the Director or to require any school district to correct any condition presenting a fire danger to students. It insists that the District can only report any such deficiency to the Director, and if the Director fails to take action, it must institute a mandamus action in the courts. It is only the Director, says the defendant, that has the right to enforce the relevant fire code.

In making this assertion, defendant places its principal reliance upon § 8–1–107(2)(d), which requires the Director to enforce § 22–32–124. Its argument, however, reads too much into § 8–1–107(2)(d) and too little into § 22–32–124.

Section 8–1–107(2)(d) requires the Director to enforce § 22–32–124; the former statute itself grants no specific authority to the Di-

rector. His authority, if it exists, must be found within the latter statute.

Each of the three sub-sections of § 22–32–124 speaks, generally, to a different period; § 22–32–124(1) addresses a school district's responsibility *before* construction; § 22–32–124(2) addresses *building* standards to be complied with during construction and immediately upon completion of a school building or structure; and § 22–32–124(3) outlines the *fire prevention* inspections that are to be undertaken *after* the building or structure is placed in use.

Section 22–32–124(2) expressly empowers and obligates the Director to inspect buildings and structures to determine whether they have been "erected" in conformance with the building code adopted by the Director. However, while § 22–32–124(3) requires the Director to adopt a fire code for school buildings, nowhere within any portion of § 22–32–124 is the Director granted the explicit authority either to inspect school buildings for fire prevention purposes or to issue fire code enforcement orders to school districts.

It is presumably because of this difference in the Director's authority that § 22–32–124(2) authorizes local governments to conduct building code inspections only upon authorization by the Director, while § 22–32–124(3) grants those governments the right to conduct fire prevention inspections without the Director's authorization.

Defendant, then, reads too much into § 8–1–107(2)(d) by suggesting that the Director is given exclusive authority to enforce the fire code by adopted by him.

Given the requirement of § 8–1–107(2)(d) that the Director enforce the provisions of § 22–32–124, it might arguably be asserted that, if neither the municipality, the local fire protection district, nor the school district makes arrangements for annual fire prevention inspections, the Director is empowered to do so. However, this authority is only implied, at best. *See* § 32–1–1002(3), C.R.S. (1995 Cum.Supp.)

The defendant, in contrast, reads too little into § 22–32–124(3) with respect to the District's authority. Not only does § 22–32–

124(3) grant express authority to the District to inspect, but the purpose of such inspections is "to assure" that the school buildings "are maintained in accordance with the fire code adopted by the director." The District's inspection could provide no such assurance, unless the authority to inspect carried with it the authority to compel the school district to correct any deficiencies discovered during any inspection.

Further, neither § 8–1–107(2)(d) nor § 22–32–124 contains any explicit exception to the District's authority to "enforce *all* laws" relating to the prevention of fires. *See* 32–1–1002(3)(b)(I). Nor does either of these statutes provide any special procedure for enforcement of the Director's fire code, which would be expected if the General Assembly had intended that the general enforcement procedures by a fire protection district under § 32–1–1001, et seq., C.R.S. (1995 Cum. Supp.) were not to be followed.

We conclude, therefore, that, even if § 22–32–124 grants to the Director the implied authority to engage in fire prevention inspections of a school building under certain circumstances and to enforce the applicable fire code, such authority is not exclusive. It does not prevent the fire protection district within whose boundaries the building exists from making an annual inspection or from enforcing any applicable fire prevention law, including the fire code adopted by the Director.

The District argues, however, that such an interpretation of the statutes might well result in conflicting interpretations of the Director's fire code as between the Director and a local fire district. The argument is unpersuasive.

First, with respect to the instant controversy, there is no indication in the record that there is any conflict over the pertinent provisions of the uniform code adopted by the Director.

Second, if a school district is ever of the view that an order of a fire protection district is not justified by that fire code, § 32–1–1002(3)(c), C.R.S. (1995 Cum.Supp.) authorizes an immediate petition to the district court and an expedited consideration and decision. As in all other cases, it will be the judicial interpretation of the code that will govern.

Finally, if the Director is ever dissatisfied with the manner in which a·local fire protection district is interpreting or enforcing the fire code adopted by him, the Director need only amend the fire code to clarify its meaning.

We conclude, therefore, that any authority to engage in fire prevention inspections and otherwise to enforce the fire code adopted by the Director is not exclusive with the Director; such enforcement action may also be taken by the fire protection district in which the school building exists, absent the school district's exercise of the authority granted to it by § 22–32–124(3) to contract with a qualified fire inspector.

The judgment is affirmed.

METZGER and TURSI*, JJ., concur.