QUESTION PRESENTED AND CONCLUSION Question 1: May the Colorado Division of Housing ("Division") inspect or certify factory-built structures that are brought to Colorado to be rented, or otherwise used, but are not manufactured, substantially altered or repaired, sold or offered for sale within Colorado?
Answer: a. The Division may certify only factory-built structures that are manufactured, substantially altered or repaired, sold or offered for sale within Colorado.
b. The Division may inspect such structures.
Question 2: May local governments inspect factory-built structures which are not subject to certification by the Division for compliance with applicable manufacturing and construction standards?
 Answer: Yes. *Page 2 
 DISCUSSION Question 1a. The Division has been informed that a company intends to bring factory-built structures into the state for the purpose of providing temporary housing to its workers. The structures are not manufactured, substantially altered or repaired, sold, or offered for sale within Colorado. The Division has classified these structures as commercial non-residential units. You have asked whether the Division has the authority to certify or to inspect such structures before they can be rented or otherwise used. For the following reasons, I conclude that these structures are not subject to certification by the Division.
The Division was established in 1970 to enhance the supply of affordable and safe housing to Colorado residents. Section 24-32-702
(1), C.R.S. (2007). The General Assembly recognized that housing needs can be met through the use of manufactured housing units. Section24-32-702 (3), C.R.S. (2007). The legislature authorized the enactment of "uniform health and safety standards and inspection procedures," § 24-32-702(2), C.R.S. (2007) and "state supervision of compliance with government-approved codes of manufacture." Section 24-32-702(3), C.R.S. (2007).
The Division's powers and duties with respect to factory-built structures are delineated in title 24, article 32, part 33. The legislature declared that the manufacture and sale of manufactured homes are matters of statewide concern, § 24-32-3301(1) (a) and (c), C.R.S. (2007). The installation of manufactured homes is a matter of statewide and local concern. Section 24-32-3301(1)(b), C.R.S. (2007). The Division administers and enforces the statute and the rules promulgated under the statute. Section 24-32-3303 (1) (a), C.R.S. (2007). The Division, through the state housing board, promulgates rules to ensure the safety of factory-built structures, the safety of consumers purchasing manufactured homes, the safety of manufactured home installations, and the safety of hotels, motels, and multi-family structures where no construction standards for such facilities exist. Section 24-32-3305(1), C.R.S (2007).
The Division inspects factory-built structures manufactured, substantially altered or repaired, sold, or offered for sale within Colorado. Section 24-32-3311, C.R.S. (2007). Structures meeting standards set by the Division receive an insignia verifying that the structures meet such standards. Id. Structures that do not receive an insignia cannot be manufactured, substantially altered or repaired, sold or offered for sale within Colorado. Section 24-32-3307, C.R.S. (2007).
The question raised here is whether the Division's power to certify and place insignias extends to structures that are not manufactured, substantially altered or repaired, sold or offered for sale within Colorado. When construing a statute, words must be given their plain and ordinary meaning. Ceja v. Lemaire, 154 P.3d 1064, 1066 (Colo. 2007). Words will be interpreted literally according to their common usage unless they have acquired a technical meaning by legislative definition.Mishkin v. Young, 107 P.3d 393, 396 (Colo. 2005). *Page 3 
"Factory-built structures manufactured, substantially altered or repaired, sold, or offered for sale within this state" must "bear an insignia of approval issued by the division and affixed by the division or an authorized quality assurance representative." Section 24-32-3311
(1), C.R.S. (2007). A "factory-built residential structure" is a manufactured home. Section 24-32-3302(10), C.R.S. (2007). A "manufactured home" is one that is designed for residential occupancy in either temporary or permanent locations, includes "electrical, mechanical or plumbing services that are fabricated, formed, or assembled at a location other than the site of the completed home", is constructed consistent with federal law, factory-built residential requirements or mobile home standards, does not have motor power and is not licensed as a recreational vehicle. Section 24-32-3302(20), C.R.S. (2007). A "factory-built nonresidential structure" includes a structure designed primarily for commercial, industrial or nonresidential uses. Section 24-32-3302(9), C.R.S. (2007). The structures at issue here are classified as factory-built non-residential structures.
No one "may manufacture, sell, or offer for sale within this state any new factory-built structure that is not manufactured in compliance with the applicable provisions of the construction standards by the board." Section 24-32-3306 (2), C.R.S. (2007). "Manufacture" is "the process of making, fabricating, constructing, forming, or assembling a product from raw, unfinished, or semi-finished materials." Section 24-32-3302 (19), C.R.S. (2007). A "sale" is "the transfer of property or title for a price." Black's Law Dictionary 1364 (8th ed. 2004).
The clause "within the state" in § 24-32-3306(2) and 3311(1) modifies all antecedent terms. As a referential or qualifying term following several words or phrases, the clause should be applied to all words or phrases that precede it. Estate of David v. Snelson, 776 P.2d 813, 818
(Colo. 1989); People v. C.A.J., 148 P.3d 466, 437 (Colo.App. 2006). Thus, "within the state" limits certification to structures "manufactured," "substantially altered or repaired," "sold" or "offered for sale" in Colorado.
As to the structures at issue here, none of the activities which trigger certification occur in Colorado. The structures were not manufactured in Colorado. The structures will not be substantially altered or repaired in Colorado, and they will not be sold or offered for sale in Colorado. They will be available for rent or without charge. "Rent" is defined as "consideration paid, usu. periodically, for the use or occupancy of property (esp. real property)." Black's LawDictionary, at 1322. "For rent" means "available for use or service in return for payment" Webster's Third New International Dictionary(Unabridged) 1923 (1993). A structure available "for rent" is not the equivalent of a structure available "for sale" because no transfer of permanent property or title occurs. A structure for which there is no charge is likewise not covered by the statute.
Because the plain language of the statute does not include factory-built structures which are not manufactured, substantially altered or repaired, sold or offered for sale "within" *Page 4 
Colorado, I conclude that such structures may be brought into Colorado and used without certification by the Division.
Question 1b. Although the Division may not preclude the introduction of factory-built structures which are not manufactured, substantially altered or repaired, sold or offered for sale within Colorado, it does have the power to inspect such structures. The Division may "investigate living, dwelling, and housing conditions in the state and the means and methods of correcting unsafe, unsanitary, or substandard conditions." Section 24-32-705(1) (f), C.R.S. (2007). It may also "enter upon buildings or property in order to conduct investigations or to make surveys or soundings," § 24-32-705(1)(g), C.R.S. (2007), and "make available to responsible agencies, boards, commissions, or other governmental entities its findings and recommendations with regard to any building or property where conditions exist which are unsafe, unsanitary, or substandard." Section 24-32-705(1) (h), C.R.S. (2007).
The Division may inspect such factory-built structures and report its findings to other government entities.
Question 2. You also ask whether local governments may inspect those factory-built structures not subject to certification by the Division for compliance with applicable manufacturing and construction standards. The respective powers of state, county and municipal governments over manufactured housing are described in various statutes. When interpreting a comprehensive legislative scheme, all relevant statutes must be reviewed and construed to further legislative intent. Droste v.Board of County Comm'rs of the County of Pitkin, 159 P.2d 601, 605
(Colo. 2007).
As noted, the General Assembly desired to establish uniform regulation of factory-built structures. It declared that "[t]he comprehensive regulation of the manufacture of factory-built structures to ensure safety is a matter of statewide concern." Section 24-32-3301 (1) (a), C.R.S. (2007). However, it did not delegate to the Division all power over factory-built structures. The authority given to the Division "applies only to work performed in a factory or completed at a site using components shipped with the factory-built structure as reflected in the approved plans for the factory-built structure." Section24-32-3302 (3), C.R.S. (2007).
The Division places insignias on factory-built structures meeting the Division's standards. A factory-built structure with an insignia "is deemed to be designed and constructed in compliance with the requirements of all ordinances and rules, including those for electrical and plumbing, enacted or adopted by the state or by any local government that are applicable to the manufacture of factory-built structures to the extent that the design and construction relates to work performed in a factory or work that is completed at a site using components shipped with the factory-built structure as reflected in the approved plans for the factory-built structure." Section 24-32-3311(4). "All work at a site that is unrelated to the installation of a factory-built structure or components shipped with the factory-built structure, including additions, *Page 5 
modifications, and repairs to a factory-built structure, shall be subject to applicable local government rules." Section 24-32-3311(6), C.R.S. (2007).
Counties may establish zoning regulations affecting manufactured homes. Section 30-28-115(3)(a), C.R.S. (2007). The regulations cannot effectively exclude manufactured homes from the county "if such homes meet or exceed, on an equivalent performance engineering basis, standards established by the county building code." Section30-28-115(3)(b), C.R.S. (2007). More generally, counties may adopt building codes for all types of buildings and structures, except for those buildings and structures used only for shelter for agricultural implements, farm products, livestock, or poultry. Section 30-28-201(1), C.R.S. (2007). Building codes must be promulgated "with a reasonable consideration of, and in accordance with, the public health, safety, morals, and general welfare and the safety, protection, and sanitation of such dwellings, buildings and structures." Section 30-28-203, C.R.S. (2007). Buildings and structures must be maintained or used in a manner consistent with state law and the area building code. Section30-28-210(1), C.R.S. (2007). Counties building inspectors can administer and enforce their respective building codes. Section 30-28-205(1), C.R.S. (2007).
Municipalities, like counties, may enact building codes. Section31-15-601(2), C.R.S. (2007); Metropolitan Denver Sewage DisposalDistrict No. 1 v. City of Commerce City, 745 P.2d 1041, 1042 (Colo.App. 1987). They also may establish zoning regulations affecting manufactured homes as long as the regulations do not exclude manufactured homes that meet specified standards. Section 31-23-301(5) and-303(5), C.R.S. (2007). The authority to establish building codes implicitly includes the power to enforce the content of the codes. West Adams County FireProtection District v. Adams County School District 12, 926 P.2d 172,175-76 (Colo.App. 1996).
The statutes are easily harmonized. The Division has exclusive authority to issue insignias of certifications for factory-built structures to the extent that the structures are manufactured, substantially altered or repaired, sold or offered for sale in Colorado. Local governments may inspect factory-built structures and enforce applicable building codes that do not fall within the purview of the Division for compliance with applicable building codes or other local regulations. This interpretation is consistent with the overall goal of ensuring safe housing for the public.[1]
 CONCLUSION
The Division may certify only factory-built structures that are manufactured, substantially altered or repaired, sold or offered for sale within Colorado. The Division may *Page 6 
inspect all factory-built structures and refer reports regarding those structures over which they do not have jurisdiction to the appropriate authorities. Local governments may inspect factory-built structures that are within their jurisdiction and enforce applicable regulations.
Issued this 1st day of February, 2008.
 _________________________ JOHN W. SUTHERS Colorado Attorney General
[1] This opinion does not address the standards to be applied by the local governments to determine compliance. See, Colorado ManufacturedHousing Ass'n v. Board of County Comm'rs, 946 F.Supp. 1539, 1552-53
(D.Colo. 1996); Colorado Manufactured Housing Ass'n v. Board of CountyComm'rs, 857 P.2d 507, 509 (Colo.App. 1993) *Page 1